[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 155 
In the view we take of this case, it will not be necessary to decide whether an agreement by an owner of real estate, to allow another person the option to purchase it within a fixed period, upon definite terms, would be enforced specifically in equity, if the evidence of such arrangement was committed to writing, according to the requirements of the statute of frauds; for we are of the opinion that the agreement in this case is in that respect, fatally defective. The writing contains all the requisites to a complete contract of the nature referred to, that is, of an agreement by the defendant to sell the lots to the plaintiff, if he should elect within the time mentioned to purchase them, except a statement of the time or times within which the purchase price should be paid. This *Page 156 
part of the agreement was suffered to rest in parol, and was referred to in the paper signed by the defendant as "the terms as specified." This reference was to a parol agreement made simultaneously with the signing of the written instrument, in which the minds of the parties met upon the point left unexplained in that instrument; and the question is, whether a parol agreement, thus referred to in a written contract, is made parcel of the contract, so as to satisfy the statute of frauds. It must be kept in mind that the part of the agreement existing in parol is just as necessary to the plaintiff as the portion which was committed to writing. He does not offer to pay for the land presently, and would not, so far as we know, desire to avail himself of the contract if such were its effect. At all events, he cannot maintain this suit except upon the footing of a contract, by which time was to be given for the payment of the greater portion of the price of the land. If he had chosen to waive the stipulations respecting credit, and to consider the price as payable immediately, or within the three months mentioned in the paper, and had offered performance accordingly, a different question would have been presented, which it is not now necessary to consider. A case to be presently mentioned appears to hold, that even under such circumstances, the agreement would not be enforced.
I think the parol evidence which the judge received, but finally rejected, would have been admissible, if the case had arisen under an agreement not required by statute to be in writing. An express reference by the terms of a written instrument to a parol contract, whether made before, or at the same time, would not require the exclusion of such verbal contract, under the rule that a written instrument merges all parol stipulations made at the same time on the same subject. The reference in the paper to the engagements which were allowed to rest in parol would take the case out of that rule. But the present is a contract which the statute declares shall be void, unless it, or some note or memorandum thereof expressing the consideration, be in writing, and be subscribed by the vendor of the land or his lawfully authorized agent (2 R.S., *Page 157 
135, §§ 8, 9). It is the obvious sense of the enactment that all the material parts of such a contract should be embraced in the writing. The policy which the act is intended to enforce, arose out of a distrust of oral testimony, by which it was supposed that contracts to sell land, among some other arrangements, might be falsely set up, or, when actually made, might be perverted or changed by fraud, perjury, or mistake. But if any of the material terms of the bargain could be left out of the writing and be supplied by parol, the greater part of the mischief intended to be guarded against would remain. Thus if, as in this case, the terms of payment were the only portions of the contract depending upon verbal testimony, they might be so stated as materially to diminish the value of the bargain to the vendor: and so it might be proved to have been agreed, as here it probably was agreed, that a sum of money which, when advanced to the vendor, was applied on another account, should be made to represent a part of the purchase price of the land, and thus virtually to diminish the amount of the purchase-money named in the writing. There would seem, it is true, to be a stronger reason for receiving the parol portion of the bargain where the writing expressly refers to it, as it does here; but the statute is addressed to the courts and cannot be dispensed with by the consent of parties. They can, if they please, perform a contract, though there is no such evidence of it as the law would require if it were disputed; but, where the question is as to its having ever been made, no evidence can be received except such as the law requires. If a reference in a writing to a verbal agreement would let in that agreement, where the subject was one which the statute required to be in writing, it would be sufficient for parties desiring to avoid the trouble of reducing their bargains to writing, to sign a statement that they had contracted verbally respecting a given subject, and they would thus dispense with the statute. These views seem also to be well settled by authority. Mr. Blackburn in his treatise on Sales, after reviewing the English cases up to that time, states the doctrine as follows: "If the reference (in a written statement) is to something verbal, or ultimately to *Page 158 
a writing, through the medium of something verbal, the common law would take the whole together as showing what the contract is; but as one link in the evidence is not in writing, it will not in general operate as a memorandum in writing to take the case out of the statute" (p. 49). And in another place, the same writer speaking of cases where the name of one of the parties does not appear in the written contract, states the rule thus: "When the party is not designated at all, it is on the face of it defective, as containing only part of a contract; so that it is apparent that the agreement between the parties must have been partly not reduced to writing at all; when that is the case, the common law allows the contract to be proved by the writing and by parol, so that the writing shows the terms of the contract, and the parol shows with whom it was made. The statute, however, is not satisfied; for, though the bargain is shown, it is not in writing" (p. 56). The first of these extracts was repeated with approbation by Baron BRAMWELL, and applied by the Court of Exchequer Chamber in Bailey v. Fitzmaurice (8 Ell. Blackb., 664). That case was an action on a contract for the sale by the plaintiff to the defendant of certain leasehold premises, which contract was alleged to have been made by an agent of the defendant, on his part. The defendant, after considerable negotiation, had written a letter to the plaintiff, in which, referring to the agent, he said, "What he has done for me I know not, but of course I will support him in all he has done for me,"c. One view of the evidence was that a material branch of the contract was made out by a verbal communication between the plaintiff and the defendant's agent. If that feature of it was not established in that way, it was not shown at all. It was held that there was either no agreement as to the point referred to, or, if there was, that the writing did not contain it. The case of Davis v. Shields, decided in the late Court of Errors (26 Wend., 341), is in point to show that where the written contract for the purchase of personal property is complete, except a statement of the term of credit, that cannot be supplied by parol so as to satisfy the statute of *Page 159 
frauds. In that case, as in the present, a period of credit was actually stipulated for, but the writing did not mention it, and the contract was for that reason held void, as not satisfying the statute, though the vendee offered to waive the credit and pay the price at once. I have referred indiscriminately to cases arising under the branch of the statute which relates to the sale of goods, and to those under the sections more immediately relied on by the defendant. There is not, as I think, any difference between them so far as the present question is concerned.
We are not referred by the plaintiff's counsel to any case ordictum in support of the position that a contract required to be in writing by the statute of frauds may be partly in writing and partly by parol, and we think there are not any such.
We conclude that the Supreme Court did not commit any error in holding that the plaintiff could not prevail. There must be a judgment of affirmance.