JOSEPH J. HAGAN, RESPONDENT, v. THE DOMESTIC SEWING MACHINE COMPANY, APPELLANT.

*Statute of frauds — Memorandum — what must contain.*

Where a duly authorized agent of the defendant, a sewing machine company, delivered to the paintiff on April 5, 1873, a writing extending by its terms over a period of two years, by which it agreed to pay him "as full compensation for his services to be rendered" certain sums therein mentioned, at intervals of six months, and the plaintiff thereupon expressed his assent to such agree-

ment, and on the eighth of that month wrote a letter, in which he said, "I accept your proposition," referring to said writing.

*Held,* that there was a sufficient memorandum of the contract to take the case out of the statute of frauds.

*Semble,* that if the attendant circumstances did not show what services were to be rendered by the plaintiff, he would be bound to perform any personal services which might be required of him.

The memorandum required by the statute must contain all the essential terms of the contract, expressed with such a degree of certainty as to render it unnecessary to resort to parol evidence to determine the intent of the parties thereto.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

This action was brought to recover for a breach of a contract, entered into between the parties, for services to be rendered by the plaintiff to the defendant.

On the 5th of April, 1873, one Judson, the general manager of the branch office of the defendant at Philadelphia, made and delivered to the plaintiff at that city the following writing :

"PHILADELPHIA, *April* 5, 1873.

" The Domestic Sewing Machine Company, through their branch office, Philadelphia, hereby agree to pay Joseph Hagan, Esq., as full compensation for his services to be rendered as follows :

" Seven hundred and fifty ($750) dollars for first six months.

" Eight hundred ($800) dollars for second six months.

" Nine hundred ($900) dollars for third six months.

" Ten hundred ($1,000) dollars for fourth six months.

" Dangers of fire and flood, and all dispensations of Providence excepted.

"DOMESTIC S. M. CO.,

" D. ALLEN JUDSON,

*Attorney.*"

Thereupon plaintiff expressed his assent to the terms of said writing, and said he would go to his home in Lansingburgh and return as soon as possible, unless prevented by unforeseen events. Plaintiff accordingly left that day for his home, and on April 8, 1873, wrote from there a letter to said Judson, saying, " I accept your proposition (referring to said writing of April 5, 1873), and will come on probably by the fifteenth." And April 22, 1873,

plaintiff, under said hiring, entered into the service of said company at its Philadelphia office, and continued therein until June 3, 1874, when, without fault on his part, he was discharged from such service by R. N. Bloomer, who was Judson's successor, and then the general manager at that office, and who then knew of said writing made by Judson.

The defendant having refused to continue the plaintiff in his employment, this action was brought to recover for the damages sustained by him up to October 22, 1874, which the referee found to be $965.

*Brownell & Lathrop,* for the appellant. Without parol proof of the character or kind or quantity of these services, there is no note or memorandum of the agreement. It is void, for uncertainty and parol proof is excluded by the statute of frauds. ( *Wright* v. *Weeks,* 25 N. Y., 153; *Davis* v. *Shields,* 26 Wend., 241; *Abeel* v. *Radcliffe,* 13 Johns., 300; 2 Kent, 511; *Clinan* v. *Cook,* 1 Sch. & Lef., 22; *Tallman* v. *Franklin,* 3 Duer, 395; *Fitzmaurice* v. *Bayly,* 3 L. T. [N. S.], 69; *Oddie* v. *James,* 48 N. Y., 685.)

*Esek Cowen,* for the respondent.

LEARNED, P. J.:

The referee correctly found that Judson had sufficient authority to make the contract. It was a part of his business to hire the employes under him, to the number of twelve or thereabouts; to pay them, and to render account of his payment to the New York office. That was sufficient as to the plaintiff.

The defendants urge that the letter written by Judson to the plaintiff, and the plaintiffs's reply, do not make a binding contract. First, it is said that the letter was only a proposition for a contract. But it offered to pay the plaintiff a certain sum "for his services to be rendered." To this he replied, among other things, "I accept your proposition." Part of this proposition was that he should render services; and when he accepted it, he agreed to render services.

But, secondly, the defendants urge, more strongly, that the contract is void under the statute of frauds, because it does not show

the subject-matter of the contract; that without proof of the nature and kind of service, there is no note of the agreement, and that parol proof is excluded.

In *Wright* v. *Weeks* (25 N. Y., 153) the written agreement was to sell land upon "terms as specified." Parol evidence of the terms was inadmissible. Now, in that case, the very language of the written agreement showed that it was not the whole contract, and that " the terms as specified " were to be ascertained elsewhere. As these were only in parol, the contract was incomplete. The rule is that the note or memorandum must contain the essential terms of the contract, expressed with such a degree of certainty that it may be understood without recourse to parol evidence to show the intent of the parties. The contract "must be certain in itself, or capable of being made so by a reference to something else." (*Abeel* v. *Radcliff*, 13 Johns., 300 ; *Parkhurst* v. *Van Cortland*, 1 Johns. Ch., 274.) Now, in the present case, the plaintiff, agrees to render his services to the defendants for two years at a certain specified price. No allusion is made to any parol agreement as a part of the contract. If Judson's letter had been an agreement to pay so much for such services, as had been specified in a conversation, then this case would have been analogous to the case of *Wright* v. *Weeks*.

If the plaintiff had agreed to render his services *as a salesman*, still it might have been said by the defendants that the services were not fully described ; as, for instance, what goods he was to sell, how many hours he was to be employed, etc. The answer to such an objection would be that the surrounding circumstances (not the parol agreement or conversations of parties), are always admissible to explain the meaning of a written contract. So, in this present contract, the surrounding circumstances might be admissible to show what services he was to render. The nature of the defendant's business, and the occupation to which the plaintiff was known to be accustomed, would be facts surrounding the contract and explaining its meaning. A reference to such facts is a different thing from a recourse to proof of another part of an agreement, resting in parol. (*Dana* v. *Fiedler*, 12 N. Y., 40.)

Suppose that the defendants, through Judson, had verbally hired the plaintiff for six months; would not such hiring have been valid,

even if nothing whatever had been said of the kind of services which the plaintiff was to perform? Admitting that, on such a hiring, where no services were specified, the plaintiff might be bound to do any thing which the defendants should require of him, still the contract would be good. And this contract is the same with that, only for a longer time. So that if the plaintiff, under this contract, was bound to perform any personal services whatever which might be required of him, still, even under that construction, the contract was sufficient.

The defendants discharged the plaintiff, and thus broke their part of the contract. Their subsequent letter of June eighth to him did not offer him employment in New York but denied their liability to retain him in their service. They did not instruct him to come to New York, and he was not bound to go there. They did not even offer to procure him other and similar employment, so as to affect the question of damages. (*Howard* v. *Daly*, 61 N. Y., 362.)

If there was any attempted parol modification of the contract at a subsequent date, by which the plaintiff's compensation was increased, it is enough to say that he has recovered no more than the amount to which he was entitled by the original agreement.

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.