JOHN H. DRAKE, Respondent, v. ROBERT SEAMAN and
HENRY W. SHEPHERD, Appellants.

*Statute of frauds — the entire agreement must be contained in the writing.*

The plaintiff, a resident of Syracuse, was a traveling salesman engaged in the business of selling a certain kind of tin-ware; the defendants manufactured the same kind of ware in Queens county. In January, 1875, the following memorandum was signed by one of the defendants:

" *Memorandum.*

"Iron Clad Can Co., *January 9, 1875.*

" The understanding with Mr. Drake is as follows: 2,000 dollars for the first year; 2,500 dollars for the second year, sure, and provided the increase sales shall warrant it he is to have $3,000; 3 year in proportion to business as above.

"IRON CLAD CAN CO.
"H. W. SHEPHERD."

The plaintiff having entered into and continued in the service of the defendants for two years, and being then discharged, brought this action to recover the amount agreed to be paid for his services in the third year.

*Held,* that as the memorandum did not show that the plaintiff was to render personal services to the defendants as a salesman, it did not contain the entire agreement between the parties and was not sufficient to take the case out of the statute of frauds.

Appeal from a judgment in favor of the plaintiff, entered upon the report of a referee.

*H. Sheldon,* for the appellants.

*Waters, McLennan & Dillaye,* for the respondent.

Barnard, P. J.:

This action is brought to recover upon an agreement which would be void under the statutes of fraud if there was no written agreement. There was a paper writing in these words:

" *Memorandum.*

"Iron Clad Can Co., *January 9, 1875.*

" The understanding with Mr. Drake is as follows: 2,000 dollars for the first year; 2,500 dollars for the second year, sure, and pro-

vided the increase sales shall warrant it he is to have $3,000; 3 year in proportion to business as above.

"IRON CLAD CAN CO.

"H. W. SHEPHERD."

The plaintiff entered into the service of the defendants early in 1875, and worked for one year and was paid $2,000. In the second year there was dissatisfaction expressed and the plaintiff agreed to work that year for $2,000, and did so. There is a serious difference whether the entire agreement was not terminated resulting in a new hiring, but the referee has passed upon the question in favor of the plaintiff's claim that the modification was only for the second year, to be made up the next year provided business was better. At the end of the second year the plaintiff was discharged and left the service of the defendant. He seeks to recover for this year, and the only question presented is as to the sufficiency of the note or memorandum to take the case out of the statute.

The law in reference to this subject is well settled. The entire agreement must be contained in the agreement, and parol evidence is not admissible to add to it. (*Blossom* v. *Griffin*, 3 Ker., 569; *Wright* v. *Weeks*, 25 N. Y., 153; *Peabody* v. *Speyers*, 56 id., 230; *Stone* v. *Browning*, 68 id., 598.)

The present case is not similar to any reported case. The case of *Weeks* v. *Wright* was upon a memorandum for the sale of lands. The agreement was full, except that it was stated therein that the sale was to be "upon the terms as specified," not in the agreement itself, but which were orally agreed upon. The Court of Appeals held the paper void. In the case of *Hagan* v. *The Domestic Sewing Machine Co.* (9 Hun, 73), the writing on which the action was brought was much nearer the present case. The defendant agreed to pay the plaintiff the amount stated in it "as full compensation for his services to be rendered." In the present case no subject of the contract is mentioned. If parol evidence of the surrounding circumstances are admissible, the case would have to be considered with reference to these circumstances. It would then appear that the plaintiff was a traveling salesman of tin-ware of a certain kind, and that the defendants were manufacturers of such ware. That the plaintiff lived in Syracuse and that the defendants' place of

manufacture was in Queens county and their residence was in New York. The contract in question could then be applied to any subject with equal propriety. It might be for rent as partner of defendants' or as employe. Without parol evidence the contract could not stand alone. It needs parol evidence to show that the plaintiff was to render personal service as a salesman to sustain an action. If the agreement in question had stated that the payments were to be made according to a parol agreement between the parties, it would have been void under the case of *Wright* v. *Weeks* (*supra*). If it had stated that it was in consideration of personal services to be rendered, it would have been good under *Hagan* v. *Domestic Sewing Machine Co.* (9 Hun, 73). If parol evidence was inadmissible to show the "terms as specified" in *Wright* v. *Weeks*, where there was no doubt but that the parol terms were full and complete, it does not seem admissible in the present case. The only difference seems to be that parol evidence is received to show what the contract was in this case, without its appearing by the paper itself that there was such a parol contract as did appear in the case of *Wright* v. *Weeks*.

My conclusion therefore is that the writing does not take the case out of the operation of the statute of frauds, and is therefore not made out.

The judgment should therefore be reversed and a new trial granted at circuit unless the plaintiff stipulates to reduce the judgment to the sum of $111.12, with interest from January 21, 1877, besides the costs of the action up to the entry of judgment, without costs of appeal to either party. If stipulation not given, then new trial to be granted, with costs to abide the event, and no costs of this appeal unless the plaintiff recover a greater sum than $111.12 upon the new trial.

DYKMAN, J., concurred; GILBERT, J., dissented.

So ordered.