By the Court.—Ingraham, J.
In order to make tile defendant liable there must be “ an unconditional promise in writing to accept ” the bill. This promise must be in writing, and it must be to accept the draft or bill of exchange sued on.
The letter relied on by the plaintiff contains simply a proposition to extend the payment of the $900 coming due during the month. There is nothing in the letter that would inform any one that it was proposed to draw a draft, or that a draft was to be accepted when drawn.
Where the contract is required by law to be in writing the material parts of the contract must be embraced in the writing, and it is incompetent to supply any deficiency by parol. This rule has been applied so frequently in cases arising under the statute of frauds that it is hardly necessary to cite authorities. The case of Wright v. Weeks (25 N. Y. 153), is however, in point.
In the case of Ruiz v. Renauld (100 N. Y. 257), relied • on by the plaintiff, the letter said to contain the promise was in answer to a letter written by the drawer of the draft sued on, which contained a request to allow the writers “to continue our drafts,” and stated “We expect that you will allow us to continue our drafts and remittances as we have been doing until now,” and in reply to such request the defendants wrote that “ In the meantime we naturally rely upon the renewal of the drafts due on the 29th inst.”
It will be seen that taking these two letters together, there was an absolute authority to draw the drafts sued on for the renewal of the drafts due on the 29th, and that was held to be sufficient.
But in the case at bar, no request for the renewal of *87 any existing drafts is in evidence, and no authority to draw or promise to accept a draft can be made out by the letter itself. No authority to draw or promise to accept the draft is in writing.
We think the exceptions should be overruled, and judgment ordered for the defendant on the verdict with costs.
Sedgwick, Ch. J., and Freedman, J., concurred.