Titus, J.
is an appeal from a judgment of the This municipal court of Buffalo in favor of the plaintiff for $300 damages.
The defendant entered into a contract with the plaintiff for the sale of her houses and lots on Bristol street in this ■city, and received to apply on the purchase-price the sum of five dollars and gave a receipt therefor, expressing the contract as follows:
“ Buffalo, July 22, 1886.
“Received of Caroline Altman, five dollars, on account of my houses and lots on Bristol street, sold to her for $2,050, to bind the bargain.
“MART A. TILLSON.”
No other written agreement was entered into by the parties. The defendant refused to execute a deed or convey the property to the plaintiff, but returned the five dollars, and left it on the table in the plaintiff’s house. The plaintiff then brought this action in the municipal court for damages sustained by her, for failure of the defendant to perform her contract, and recovered a judgment of $300. It is now claimed by the defendant that the municipal court had no jurisdiction of the subject-matter of the action, and that the contract is within the Statute of Frauds and void.. Banks (7th ed.), R. S., 2326, § 8.
As to the first point raised by the defendant, I do not *236 think_ title to land necessarily came in question, while on the trial all the evidence tending to prove title to land was. ruled out by the learned judge who tried the cause.
Chapter 344 of the Laws of 1880, establishing the municipal court of Buffalo, confers jurisdiction upon that court in actions for breach of contract, where the damages claimed do not exceed $300, without in any way hmiting it, to contracts of a personal character or to those relating to personal property. The amount claimed is certainly without the statutory limit. The contract upon which the action is based, is for the sale of lands; but that fact does nob prevent the court from entertaining jurisdiction to the extent of $300 for money damages for a failure by the defendant to carry out her contract. No authority is cited by the learned counsel for the defendant to sustain his proposition, and I have never understood such to be the law. On the contrary, I think the court has jurisdiction, and that title to real property is not necessarily involved in passing upon the question of the breach of the contract, and of the damages sustained by reason thereof.
The other point raised by the defendant’s counsel does not seem to be well taken. The receipt contains a memorandum of the contract, signed by the defendant, to the effect that she has sold her houses and lots on Bristol street to the plaintiff for $2,050, and that five dollars is paid on the purchase price.
It states the fact that the defendant has sold her property to the plaintiff. It expresses the consideration and describes the property. No time of payment is mentioned, and if it was a cash transaction, it was not necessary, for the law will presume that the consideration was to be paid on delivery of the deed, if the contract is silent as to the time of payment. Tipton v. Feitner, 20 N. Y., 423; Speyer v. Colgate, 67 Barb., 192.
The witness Louis Altman testifies that after the rect ‘ £ was given, he saw the defendant and told her he was rear to pay her the money, which was in the bank, for tin property, but that she refused to execute a deed or give up the property. So it would seem that, independent of any legal presumption, it was.treated as, and understood to be, a sale for cash on delivery of the deed and possession of the property.
It is well settled, that unless all of the material elements of a valid contract are stated in the memorandum, it will fall within the statute and be void. Wright v. Weeks, 25 N. Y., 153; Raubitschek v. Blank, 80 id., 478; Drake v. Seaman, 97 id., 230.
In this case a complete contract was stated in the memorandum. While the description is somewhat indefinite, it *237 is capable of being located with certainty. It is always competent by extrinsic evidence to locate the land sold, should there be such uncertainty in the description as to require it. Tallman v. Franklin, 14 N. Y., 584; Waring v. Ayers, 40 id,, 357.
It is not claimed that the judgment is excessive, or that a wrong measure of damages was adopted.
The judgment of the municipal court should be affirmed, with costs.