## MENTZ v. NEWWITTER.

*(Common Pleas of New York City and County, General Term.* May 18, 1888.)

FRAUDS, STATUTE OF—SALE OF REAL ESTATE BY AUCTIONEER—WHAT IS SUFFICIENT MEMORANDUM.

A bill of sale of real estate, though consisting largely of abbreviations, which contains a description of the property, terms of sale, and amount of the consideration, and is signed by the auctioneer making the sale, is a sufficient note or memorandum of sale to satisfy the statute of frauds.[1]

Appeal from judgment on report of referee.

Action brought by Rena Mentz against Nathan Newwitter, to recover the difference between the amount bid by defendant for certain property, and the amount realized on a resale. The defendant set up the statute of frauds. The case was tried before a referee, who reported in favor of the plaintiff, and from the judgment entered thereon the defendant appealed.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

LARREMORE, C. J. The plaintiff was the owner of premises No. 311 East One Hundred and Fourth street, in the city of New York. On the 28th of April, 1886, they were at plaintiff's direction put up to be sold at public auction by Mr. Richard V. Harnett, auctioneer. The learned referee has found as a fact that the defendant bid therefor the sum of $11,800, and that the property was knocked down to him at that price. The evidence on this point was very convicting, and such finding must govern on this appeal. Defendant did not comply with the terms of sale and refused to complete such purchase. Thereafter, under such original terms of sale, the property was exposed for sale by the same auctioneer for the defendant's account, and knocked down to a bidder for the sum of $10,200. This action is brought to recover the difference between the amount bid by defendant at the first sale and the amount realized on the resale. Defendant's legal defense to such claim is the statute of frauds. This law requires that "every contract for the leasing for a longer period than one year, or for the sale of any lands, shall be void, unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing, and be subscribed by the party by whom the lease or sale is to be made. Every instrument required to be subscribed by any party under the last preceding section may be subscribed by the agent of such party lawfully authorized." It appears that Mr. Harnett was the properly constituted agent of the owner for the conducting of such sale; the only question is as to the sufficiency of the paper signed by him.

A principal may be bound by her agent in a case within the statute of frauds, though the agent sign merely his own name, and the principal's name does not appear in the instrument. *Dykers* v. *Townsend,* 24 N. Y. 57. Shortly after making the sale of April 28, 1886, to defendant, the auctioneer signed the following memorandum written on a page of his sales-book:

"BILL OF SALE.

"WEDNESDAY, April 28, 1888.

"311 East 104th street.

| | | | | | | |
|---|---|---|---|---|---|---|
| " | " | - | - | - | 11,000. | Terms sale. |
| " | " | - | - | - | 250. | 700. |
| " | " | - | - | - | 500 at 5 per cent. | |
| " | " | - | - | - | 11,750. | 2d M. |
| " | " | - | - | - | 11,800. | 3,000. |
| " | " | - | - | - | J. A. Newwitter, at 6 per cent. | |
| " | " | - | - | - | 4 Pine street. | Can be paid. |

"RICHARD V. HARNETT."

[1] As to what is a sufficient contract for the sale of land under the statute of frauds, see Francis v. Barry, (Mich.) 37 N. W. Rep. 353, and note; Quinn v. Champagne, (Minn.) Id. 451; Phillips v. Swank, (Pa.) 13 Atl. Rep. 713, and note.

We think that this paper satisfied the statute, and will uphold the contract. The very phraseology of the law implies that the legislature intended to allow for the exigencies and haste of business. A carefully worded agreement is not required; a "note" or "memorandum" thereof is made sufficient, provided the consideration is expressed. Mr. Harnett's memorandum of the sale, though consisting largely of abbreviations, is perfectly intelligible, and is complete in itself. See *Foot* v. *Webb,* 59 Barb. 38. Defendant's main argument against the adequacy of the auctioneer's memorandum is founded upon the case of *Wright* v. *Weeks,* 25 N. Y. 153. But there the instrument relied on was, on its face, incomplete. It provided for the sale of lands "upon terms as specified," thereby showing that it was understood that part of the contract should remain in parol. That case is therefore distinguishable from the case at bar. The case of *Smith* v. *Jones,* 7 Leigh, 165, cited on the brief of the learned counsel for plaintiff, is closely analogous on the facts, and we concur in the reasoning of the opinions as well as the results reached.

The judgment appealed from should be affirmed, with costs.

ALLEN and BOOKSTAVER, JJ., concur.