EDWARD A. MILLIMAN, Respondent, *v.* GEORGE HUNTINGTON, Appellant, Impleaded with JACOB DOLD.

*Contract for the sale of real estate — essentials of — specific performance.*

A contract for the sale and purchase of real estate must be all in writing, in order to be valid; and, in order to be specifically enforced, it must be certain and definite in all its material provisions.

APPEAL by the defendant, George Huntington, from a judgment of the County Court of Niagara county, entered in the office of the clerk of that county on the 21st day of September, 1892, on the findings and decision of the County Court of Niagara county.

*A. Moot*, for the appellant.

*A. K. Potter*, for the respondent.

DWIGHT, P. J.:.

The action was to enforce the specific performance of a contract of the defendant Dold to purchase from the plaintiff a farm of about 120 acres in the town of Wheatfield in Niagara county, which contract was executed with the plaintiff February 24, 1892, and to determine the claim of the defendant Huntington to an equitable interest in the same property, by virtue of a contract between him and the plaintiff which was executed on the 17th day of February, 1892.

The answer of the defendant Dold admitted the title of the plaintiff to the premises described in the complaint saving and

excepting the interest of the defendant Huntington, if any, therein; admitted all the other material allegations of the complaint; averred his readiness to perform the contract on his part whenever the claim of Huntington, of which the latter had given him notice, should be extinguished, and demanded judgment establishing the respective rights of the plaintiff and Huntington in the premises, and that upon performance by him, Dold, of the contract on his part, the plaintiff and Huntington be adjudged to convey to him the whole of the said premises.

The answer of Huntington sets out, in substance, his version of the contract or agreement between himself and the plaintiff; avers that it provided for an election by the plaintiff, which was afterwards exercised by him, to retain an undivided one-third of the premises, and that it provided for the execution by the parties thereto of a formal instrument, embodying its provisions, on the 18th day of February, 1892, at Tonawanda; that the parties met at the time and place mentioned, when the defendant Huntington was ready and willing and offered to perform the terms of the agreement on his part, and to execute the formal contract as agreed, and requested the plaintiff to do the same, but that, at the request of the latter, the time for the closing of the agreement was extended to include the twentieth of the same month; that on that day the parties again met, when the defendant Huntington was still ready and willing and again offered to perform on his part and demanded performance by the plaintiff, but that the latter then refused and still refuses to perform on his part; that the said agreement provided for a release clause to be inserted in the mortgage to be given by the defendant Huntington, and that he offered to waive the insertion of such or any release clause, and to execute the mortgage for three years or any other term satisfactory to the plaintiff. And said answer avers that by reason of said contract, the defendant Huntington obtained and now holds the equitable title to an undivided two-thirds of the premises described, and a right or interest therein prior and superior to any right or interest of the defendant Dold by reason of the alleged contract with him, set out in the complaint; and said answer demands judgment dismissing the plaintiff's complaint as to the defendant Huntington, with costs.

It is thus apparent that the only real issue in the case was between

the plaintiff and the defendant Huntington, viz.: whether the latter had any interest in the premises described, by virtue of his contract with the plaintiff, which could stand in the way of the full performance of the contract of the plaintiff with the defendant — Dold — and that question may be otherwise stated to be whether the contract of Huntington was one of which specific performance could be, to any extent, enforced.

There is no disputed question of fact in the case; counsel for the appellant concedes that the facts are correctly found by the learned County Court. The facts so found which relate to the contract of Huntington are, in substance, as follows:

On the 21st of January, 1892, the plaintiff, at the request of Huntington, signed and delivered to him an instrument in writing in the following terms:

"<em>January</em> 21, 1892.

" In consideration of the sum of one dollar paid to me this date, the receipt whereof is hereby acknowledged, I hereby agree to give George Huntington the right to purchase my home farm fronting on the Niagara river, about one mile west of Gratwick Station, consisting of about 120 acres more or less, for the sum of $500 per acre, if taken within twelve days from this date. Terms, one-fifth down, balance to be secured by bond and mortgage of not less than three years' duration, with six per cent interest, payable semi-annually, I to have the privilege of retaining one undivided third interest on the same terms as the purchasers.

" The mortgage to be subject to release of any part or all the property, on conditions to be hereinafter agreed upon.

" First payment of one-fifth down to be made as follows, viz.: $4,000 within ten days after February 1st, and the balance within thirty days from first payment.

"A contract will be given on receipt of first payment of $4,000, and a deed when the total of one-fifth or $12,000 is paid up, said sum to include the one-third interest, or $4,000, which I retain.

" (Signed.)　　　　　E. A. MILLIMAN."

On the second day of February the plaintiff, at the request of Huntington, indorsed on the above a memorandum: " Option extended to February 17th," and signed it.

On the seventeenth of February both parties signed a further agreement, indorsed on the same instrument as follows:

" The terms of the within contract are hereby accepted by both parties hereto. The parties to meet on Feb'y 18, 1892, and sign a formal contract at Tonawanda, George Huntington to pay five hundred dollars at the signing of the contract, to bind the bargain, the same to be applied on the purchase price.

" *Feb'y* 17, 1892.

        " (Signed.)    .    GEORGE HUNTINGTON,
            " E. A. MILLIMAN."

On the eighteenth of February both parties signed a still further agreement indorsed as before, as follows:

" In consideration of the sum of $1, the receipt whereof is hereby acknowledged, the time within which to close up the within contract is hereby extended up to and including February 20, 1892. All the terms to remain the same.

" Dated *Feb'y* 18, 1892.

                " GEORGE HUNTINGTON,
                " E. A. MILLIMAN."

Nothing was ever paid by Huntington on account of these agreements, or either of them; nor was anything ever done by the parties, or either of them, by way of performance of such agreements, or either of them.

The agreement of January 21, 1892, above quoted, does not express the entire agreement made between the plaintiff and Huntington at the time it was made; but in addition to what is expressed therein, it was, at the same time, and as part of the same agreement, verbally agreed between them that a company or syndicate would be gotten up by or through the influence of Huntington to purchase the premises described in the complaint, and the words in the agreement, " I to have the privilege of retaining one undivided third interest on the same terms as the purchasers," were intended to give the plaintiff the privilege, at his election, to take an interest in the company or syndicate so to be formed. Huntington never procured the formation of such company or syndicate.

And as conclusions of law the court found: (1) That the defendant

Huntington had no right or claim to the property described in the complaint, nor interest therein, nor is entitled to have the agreement set forth in the findings of fact, or any modification thereof, specifically performed; (2) that the plaintiff is entitled to a specific performance of his contract with the defendant Dold, and he directed judgment accordingly, with costs against the defendant Huntington.

Upon the foregoing statement we can have no doubt of the correctness of the conclusions of the learned County Court. The series of instruments or memoranda signed by one or both of the parties seem to constitute not so much a contract for the sale of land as an agreement to make a contract, some of the provisions of which still rested in parol, some remained to be subsequently agreed upon, some were so uncertain and indefinite that their specific performance could not be decreed. The fact found by the court, that it was a part of the original agreement between the parties that Huntington was to organize, or procure the organization of, a syndicate to purchase the land, is fully borne out by the evidence *aliunde*, and it rests wholly in parol. It, or something of similar effect, is necessary to give any intelligible meaning to that provision of the written agreement which gives to Milliman "the privilege of retaining one undivided third interest on the same terms *as the purchasers.*" The reference in these last words is, necessarily, to purchasers other than or including Huntington; and as there is no other mention of such "purchasers" in the written memoranda, it becomes necessary to resort to evidence *aliunde* to explain it. That resort being had, it is plain that the provision just quoted is entirely indefinite, for what terms, or price, would finally be obtained from the purchasers was altogether uncertain. A letter from Huntington, which is in evidence, under date of February twelfth, shows that it was a part of the scheme conceived by him that the purchasers or members of the syndicate should come in "on the basis of $600 per acre," but whether that part of the scheme would be fully realized remained to be demonstrated, and, therefore, the terms upon which Milliman might, at his election, retain an undivided one-third interest in the property and enterprise, were left wholly uncertain. For that reason, if for no other, the contract is incapable of specific enforcement.

Another important provision of the contract was expressly left

to be subsequently agreed upon. That was the provision relating to the release of portions, or the whole, of the property from the mortgage to be given by the purchaser or purchasers. Whether the objection on this ground to the specific enforcibility of the contract can be obviated by a waiver of the provision on the part of the defendant Huntington, as being one wholly for his benefit, is a question upon which we are not entirely agreed and upon which we do not pass.

But the same cannot be said of the provision in respect to the time in which the mortgage would have to run. By that provision, the large balance of four-fifths of the purchase price of $60,000 was "to be secured by bond and mortgage of *not less than* three years' duration." It is impossible for the court to say that this limitation of time was for the benefit, solely or chiefly, of the purchaser. On the contrary, in these days of low rates of interest, the investment of $48,000, on good security, at six per cent, payable semi-annually, was a very favorable one, and one which the vendor might well desire to extend for as long a time as possible. But the provision for the duration of the mortgage was entirely uncertain, except on the minimum side, and was incapable of being rendered certain except by further agreement of the parties. The offer of the defendant to make the mortgage for any time to be named by the plaintiff, was a liberal one, no doubt, but it did not render the contract enforcible as it was made, and, in an action for the specific performance of a contract, even equity will not compel a man to make a new contract, however favorable to himself, in order that it may be specifically enforced.

A contract which, as in this case, is required by the Statute of Frauds to be in writing, must be all in writing in order to be valid; and, in order to be specifically enforced, it must, in the nature of things, be certain and definite in all its material provisions. (*Bailey & B.* v. *Ogdens,* 3 Johns. 399; *Abeel* v. *Radcliff,* 13 id. 297; *Wright* v. *Weeks,* 25 N. Y. 153; *Buckmaster* v. *Thompson,* 36 id. 558; *Brown* v. *N. Y. C. R. R. Co.,* 44 id. 79; *Stanton* v. *Miller,* 58 id. 192; *Drake* v. *Seaman,* 97 id. 230; S. C., 27 Hun, 63.)

For failure to comply with these well-nigh elementary rules, we regard the contract in this case as neither entitling the defendant Huntington to the affirmative relief asked for in his answer, nor as

constituting any defense to the cause of action set out in the complaint.

The judgment appealed from should, therefore, be affirmed.

Lewis, Macomber and Haight, JJ., concurred.

Judgment of the County Court of Niagara county affirmed, with costs.