VILAS NATIONAL BANK of Plattsburgh, Respondent, *v.* HENRY E. BARNARD and Another, Appellants.

*Answer — all facts should be clearly set forth — when properly overruled as frivolous.*

The answer to a complaint should clearly set forth all the facts which constitute the defense relied upon ; none should be left for guess or inference.

The answer in an action brought upon a promissory note alleged that the defendants were accommodation indorsers and received no benefit therefrom, as was well known to the plaintiff ; that the note was made and delivered upon the express condition that the defendants were not to be called upon to pay it at maturity, provided there was delivered to the plaintiff certain good business paper to the amount of the note.    There was nothing in the answer to show with whom such agreement was made.

On appeal from an order overruling the answer as frivolous and directing judgment for the plaintiff,

*Held,* that such order was proper ;

That the agreement was uncertain, and for that reason could not be enforced.

APPEAL by the defendants, Henry E. Barnard and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Clinton on the 2d day of October, 1893, upon the decision of the court rendered at Chambers, striking out the defendants' answer as frivolous, with notice of an intention to bring up for review on such appeal the order made by a justice of the Supreme Court and entered in said clerk's office on the 2d day of October, 1893, overruling the answer of the defendants as frivolous, and directing judgment for the plaintiff.

*Wallace T. Foote,* for the appellants.

*L. L. Shedden,* for the respondent.

HERRICK, J. :

The defendants allege that the note in question was for money loaned and advanced by the plaintiff to and for the benefit of a third person, and that said money was not loaned to the defendants or either of them, and that they did not have the same, which facts the answer alleges the plaintiff well knew when said note was made, indorsed and delivered to it.

The answer then proceeds to allege as a defense that the note was made and delivered upon the express condition that the defendants were not to be called upon to pay the same at maturity, provided there was delivered to the plaintiff good business paper of such third party to the amount of the note, which good business paper was the paper received by such party for merchandise sold.

There is nothing in the answer to show with whom such agreement was made. While the answer carefully sets forth that the plaintiff knew that the defendants were accommodation indorsers and received no benefit from said note, it does not state that the agreement to replace such note at its maturity with good business paper belonging to the maker of the note, and received for merchandise, was made with the plaintiff ; and if it was not made with the plaintiff of course it would be no defense to this action.

The answer should plainly and clearly set forth all the facts which constitute the defense relied upon ; none should be left for guess or inference ; here the very important fact whether this agreement, or condition, was made with or known to the plaintiff, is not made known to the court.

The agreement itself is uncertain ; the character of the paper is perhaps sufficiently described, but its terms, conditions and the length of time for which it was to run is uncertain, and the agreement could not be enforced for that reason. ( *Van Schaick* v. *Van Buren,* 53 N. Y. St. Repr. 827 ; *Milliman* v. *Huntington,* 52 id. 275.)

Judgment should be affirmed, with costs.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment affirmed, with costs.