JOSEPH SCHUBACH, Plaintiff, *v.* PINKUS KONSHNER, Defendant.

(Supreme Court, Erie Equity Term, February, 1921.)

Statute of Frauds — sale of real estate — insufficient memorandum — contracts — specific performance — when complaint dismissed.

Where by an oral contract for the purchase of real estate it was agreed that the balance of the purchase price, after certain cash payments, should be paid by plaintiff assuming an existing mortgage on the property and giving a mortgage for the difference, a writing which while acknowledging receipt of the cash payment, did not specify the terms of the mortgage to be given, how long it was to run or the rate of interest, is an insufficient memorandum under the Statute of Frauds and the complaint in an action for specific performance of the contract will be dismissed, but without costs.

ACTION for specific performance.

Corcoran & Corcoran, for plaintiff.

Leo F. Donnelly, for defendant.

WHEELER, J. This action is brought to enforce specific performance of a contract for the sale of certain premises known as 906 Sycamore street in the

city of Buffalo, N. Y. After some negotiations the plaintiff paid the defendant $100 on account of the purchase price of the property, and the defendant gave the plaintiff the following written receipt:

" BUFFALO, N. Y., *Nov.* 28, 1918.
"Received of Joseph Schubach One hundred Dollars, deposit on property 906 Sycamore Street, Purchase price $5,500 payable as follows: $900 or more April 1, 1920, and mortgage given and assuming for $4,500.
    "$100.                    PINKUS KONSHNER."

The defendant Konshner shortly after left the $100 paid at the plaintiff's house and refused to convey the property. The action is to compel specific performance. The principal defense is that the contract does not comply with the requirements of the Statute of Frauds.

Section 259 of the Real Property Law of the state reads:

" *When contract to lease or sell void* — A contract for the leasing for a longer period than one year, or for the sale, of any real property, or an interest therein, is void, unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the lessor or grantor, or by his lawfully authorized agents."

To entitle a party to the specific performance of a contract, " a note or memorandum, sufficient to take a contract of sale out of the operation of the Statute of Frauds, must state the whole contract with reasonable certainty so that the substance thereof may be made to appear from the writing itself without recourse to parol evidence." *Mentz* v. *Newwitter*, 122 N. Y. 491.

The receipt given by the defendant seems to be sufficiently definite and certain to meet all the require-

ments of the rule stated save in one particular. The price is specified, $5,500, the names of the parties given, the property described, and the date of closing the deal given. It will be noted, however, that the cash payment was to be $1,000, the $100 paid November 28, 1918, and the $900 to be paid April 1, 1920. The balance of the purchase price, $4,500, was to be made up by assuming an existing mortgage on the property, and by giving a further mortgage for the difference. It appeared from evidence given on the trial that the mortgage to be given would amount to a considerable sum. The memorandum or receipt signed by the defendant does not specify the terms of such mortgage, how long it was to run, or the rate of interest it should bear. As to the rate of interest probably the law would presume the parties contemplated the legal statutory rate. However, as to the time for which such mortgage should run and the terms of payment of interest the memorandum is silent. There was no evidence given on the trial as to anything said between the parties on that subject, although under the rule such parol proof would have been inadmissible.

Under the general rule governing cases of this kind we think the memorandum relied on is insufficient to entitle the plaintiff to specific performance. It is too indefinite and uncertain in the particulars pointed out to sustain this action. In the case of *Milliman* v. *Huntington*, 68 Hun, 258, the action was one for specific performance. The memorandum relied on in that case provided a part of the purchase price was to " *be secured by bond and mortgage of not less than three years duration.*" The court held the contract too indefinite to be specifically enforced. The court said the contract must " be certain and definite in all its material provisions," citing *Wright* v. *Weeks*, 25 N.

Y. 153; *Buckmaster* v. *Thompson,* 36 id. 558; *Stanton* v. *Miller,* 58 id. 192; *Brown* v. *N. Y. C. R. R. Co.,* 44 id. 79; *Drake* v. *Seaman,* 97 id. 230.

In the case of *Wright* v. *Weeks,* 25 N. Y. 153, the memorandum signed by the owner provided for the sale of certain property *"upon the terms as specified."* These terms were shown by parol to have been certain cash payments, and the assumption of an existing mortgage, but the court held the agreement defective under the Statute of Frauds.

The court cannot make a contract for the parties. We therefore find in this case the plaintiff is not entitled to recover. Under the circumstances, however, we think the complaint should be dismissed, without costs.

Ordered accordingly.