## BROWN v. MERRIOTT et al.

No. 6054.   Decided April 13, 1939.   (89 P. 2d 478.)

*J. D. Skeen* and *E. J. Skeen,* both of Salt Lake City, for appellants.

*Thomas W. Mackay* and *R. W. Irvine,* both of Salt Lake City, for respondent.

MOFFAT, Chief Justice.

It is alleged by plaintiff that the defendants, Elmer P. Merriott and B'elva Merriott, his wife, made, executed and delivered to the plaintiff their promissory note in the sum of $1,000 and a mortgage upon certain described real estate to secure the payment of the note. Recordation of the mortgage, payment of delinquent taxes upon the mortgaged property, accumulated unpaid interest, and defendants' default thereon are alleged. The mortgage and note are fully set forth as a part of the complaint.

The answer admits the execution and delivery of the note and mortgage; that payment has not been made and that there are unpaid taxes; "but deny that the makers of the said note promised or agreed to pay to the plaintiff or order the sum of $1,000.00, except upon the conditions hereinafter fully set out." The answer further admits that the mortgagors signed and delivered the mortgage to secure payment of the note, "if and when liability upon said note should be established." It is then alleged in the answer "that said note and mortgage were given as collateral security * * * for the return of 200 head of sheep." Defendants admit in their answer that plaintiff is in possession of the note and mortgage, but deny that he is the owner thereof.

Upon the opening of the trial defendants abandoned the denial of ownership of the note and mortgage by agreeing in open court that plaintiff was the owner of them.

The note and mortgage were properly identified, offered and received in evidence. Proof as to the amount due thereon, taxes and default and the amount that should be allowed as attorneys fee in the event plaintiff prevailed was also presented.

Plaintiff then rested.

Defendants called plaintiff as their witness. Thereupon plaintiff objected to the introduction of any evidence on behalf of defendants upon the ground the answer presented no defensive issue. The court, however, permitted defendants' counsel to examine the plaintiff, who testified as to the circumstances of the transaction and the reasons for giving and taking the note and mortgage. At the time the plaintiff accepted and received the note and mortgage, he wrote the following letter to Elmer P. Merriott:

"Dear Elmer,

"Wells was just in the office and brought the mortgage and note of one thousand dollars, which I am to hold as security for the two hundred head of ewes that are short in the herd. He would not leave the papers, as he said you wanted a release of the old mortgages. The only way this can be handled is for you to send the abstract and those

mortgage papers. I will then have the mortgage recorded and the abstract extended to date. If the title is then all right, I will execute a release of the two old mortgages, but I cannot release these mortgages until this new one is recorded and the title checked up. If you prefer you can send the mortgage and abstract up to the abstract company at Logan and then have them return it to me. Just as soon as I find that this $1,000.00 mortgage is a first lien on the land, I will release these other liens."

This letter was dated at Salt Lake City, Utah, January 4, 1932.

On January 11, 1932, plaintiff wrote to Elmer P. Merriott to the effect, among other things not pertinent here, that he had the mortgage recorded, the abstract extended and that he was enclosing releases of two mortgages made by Elmer P. Merriott and Belva Merriott, his wife in favor of E. L. Brown, the plaintiff herein.

In addition to the admission that the note had not been paid the evidence showed the release of the two former mortgages; that none of the 200 head of sheep had been returned, and that the agreed value of the sheep at the time of the execution of the mortgage was $1,000 or $5 per head, which had at an earlier date been leased to Elmer P. Merriott and Lewis Wells Merriott.

Appellants' assignments of error go only to the hereinbefore quoted allegations that the note and mortgage were to be held as collateral security for the return of 200 head of sheep, for and on behalf of whom is not stated. The answer should plainly and clearly set forth all the facts which constitute the defense relied upon. None should be left for guess or inference. *Vilas Nat. Bank of Plattsburgh* v. *Barnard et al.*, 77 Hun 554, 28 N. Y. S. 922. The answer does not reveal to the court whether the sheep had been returned, whether money had been paid, or whether there had been a performance, in any manner, constituting a defense. The note and mortgage are past maturity.

If the evidence offered, as to the suggested character of the transaction, were admissible under the allegations of

the answer still the evidence establishes a contractual liability on the part of the defendant. Assuming that the note and mortgage were given as collateral security for the return of 200 head of sheep, still under the evidence if the matter is one of guaranty there would be an absolute guaranty, not a conditional guaranty as argued by appellant. *Wall* v. *Eccles*, 61 Utah 247, 211 P. 702.

There is included in the judgment of the trial court the sum of $197.54 for delinquent taxes not paid. No assignment of error is made as to this item, but attention is called to it in appellants' reply brief. There being no assignment of error, we may not do more than refer to the situation. It may be upon application to the trial court that the matter may be reconsidered.

The judgment of the trial court is affirmed. Costs to respondent.

WOLFE, LARSON, McDONOUGH, and PRATT, JJ., concur.