SAFF TEXTILE CORP., Respondent, v. JOSEPH M. SUTTON et al., Copartners Doing Business under the Name of J. M. SUTTON SONS & Co., Appellants.

First Department, October 28, 1952.

*Murray Feldman* of counsel (*Theodore Carsons* with him on the brief), for appellants.

*Samuel Hochstein* for respondent.

*Per Curiam.* The defendants appeal from an order denying their motion to dismiss the complaint upon the ground that it appears upon the face thereof that the contract sued upon is void under the Statute of Frauds. The second cause of action hinges upon the first, and falls with it if the memorandum be held to be an insufficient compliance with the statute.

This memorandum of sale would be adequate, were it not that the complaint alleges a contract which is materially different. The blank space following the word " TERMS " in the memorandum has not been filled in. That would not vitiate the memorandum, inasmuch as the law would imply that the terms were cash upon delivery, except for the allegation in the complaint that the agreement sued upon called for payment of the purchase price " half on the delivery of the goods and the balance on the 10th day of February, 1951." It is material to the contract whether the goods were sold for cash or on credit, or partly for cash and partly on credit (*Wright* v. *Weeks,* 25 N. Y. 153). The written memorandum would imply that they were sold entirely for cash on delivery. The contract sued upon varies from the written agreement in that the price is payable half in cash upon delivery and the balance at a later date. Under section 85 of the Personal Property Law, a contract to sell or a sale of goods is void " unless some note or memorandum in writing *of the contract* " (italics supplied) be signed by the party to be charged. It has been held that a note or memorandum must evidence the contract which was actually entered into, and which is the basis for the action. If the contract sued upon differs, as it does here, from the memorandum in a material respect, the Statute of Frauds is not satisfied (*Poel* v. *Brunswick-Balke-Collender Co.,* 216 N. Y. 310).

The order appealed from should be reversed, with $20 costs and printing disbursements, and the defendants' motion to dismiss the complaint should be granted.

PECK, P. J., COHN, CALLAHAN and VAN VOORHIS, JJ., concur.

Order unanimously reversed, with $20 costs and printing disbursements and the motion granted. Settle order on notice.