■ Rose Stone & Concrete, Inc., Appellant, v County of Broome, Defendant, and Triple Cities Construction Co., Inc., et al., Respondents.—Appeal from a judgment of the Supreme Court in favor of defendants, entered January 5, 1979 in Broome County, upon a decision of the court at a

Trial Term, without a jury. In connection with a highway construction project in Broome County, Triple Cities Construction Company (Triple Cities) and Rose Stone & Concrete, Inc. (Rose) negotiated a contract whereby Rose was to deliver gravel to the job site. Both parties agreed that the price to be paid by Triple Cities for delivered gravel would be by "engineer's measure", i.e., the actual measurement of the gravel compacted and in place at the site rather than as loaded at point of origin. The president of Rose, unsure of the amount of weight loss between loaded, uncompacted gravel and compacted gravel determined by application of the "engineer's measure", contends that Triple Cities assured him that the wastage or reduced weight would not exceed 9%. The president of Triple Cities denies that limitation and avers that he informed his counterpart at Rose that use of an "engineer's measure" usually resulted in a 10 to 12% loss of gravel. Once construction began and Rose commenced deliveries of gravel to the job followed by invoices based on cubic measurements, large discrepancies appeared between the amount due from Triple Cities based upon cubic measurements of truck loaded gravel and the amount arrived at by application of the "engineer's measure". When the parties were unable to resolve the issue of amount due from Triple Cities, Rose commenced an action wherein it sought to recover the difference between the cubic weight of loaded gravel less a maximum shrinkage of 9% and the amounts paid by Triple Cities. Rose, in a second cause of action, sought recovery for additional gravel supplied for soft spots, washouts and upgrading at the job site. After Special Term denied Triple Cities' motion for summary judgment, the case went to trial before the court without a jury. The trial court found that "Section 2-202 of the Uniform Commercial Code prohibits the evidence that plaintiff offer[ed] to contradict the clear language of the contract". We disagree. We find it to be unnecessary to resolve the issue of whether Special Term's decision, denying defendant Triple Cities' motion for summary judgment, established the law of the case by holding that explanatory parol evidence was admissible under section 2-202 of the Uniform Commercial Code, and was, therefore, binding upon the Trial Judge, since, in our view, such evidence was clearly admissible at trial and it was reversible error not to receive and weigh such evidence. The parol evidence rule established by section 2-202 of the Uniform Commercial Code states that a contract "may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented (a) by course of dealing or usage of trade * * * or by course of performance * * * and (b) by evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement". The very technical nature of the term "engineer's measure" needs "explanation" or "supplementation" by use of extrinsic proof to determine the percentage of loss limitation the parties agreed to when they used the subject phrase. It has been long settled that trade terms may be shown by parol evidence to have acquired a meaning by usage *(Wright v Weeks,* 25 NY 153, 160), and that phrases and abbreviations of a technical nature are subject to proof by extrinsic evidence *(Lenkay Sani Prods. Corp. v Benitez,* 47 AD2d 524). While it is clear that the parties had a common understanding that "engineer's measure" was a trade term characterizing the method of determining the actual weight of gravel when compacted for use, it is equally clear that there was a significant difference in their understanding of the degree or percentage of loss between loaded gravel and compacted gravel. Thus, since Rose continually disapproved of the disparities between truck measure and "engineer's measure"

of gravel, it did not acquiesce to the high percentage of loss through the course of performance of the contract (Uniform Commercial Code, § 2-208, subd [1]; § 2-202, subd [a]). Accordingly, we conclude that it was error for the trial court to hold that the subject writing was "intended * * * as a complete and exclusive statement of the terms of the agreement" (Uniform Commercial Code, § 2-202, subd [b]). As to the second cause of action set out in the complaint we agree with the trial court that Rose failed to carry its burden of proving the amount of additional gravel, not subject to the "engineer's measure", that was delivered for use in soft spots or for upgrading. The testimony falls far short of identifying either the amount or weight of such gravel. We also concur in the denial of Rose's motion, made at the close of the whole case, for leave to plead a cause of action in reformation. As noted by the trial court Rose may bring an action for reformation, if so advised. Lastly, costs and disbursements awarded to defendant should await final disposition of this matter. Judgment modified, on the law and the facts, by reversing that portion which dismissed the first cause of action of the complaint and awarded costs to defendant, and a new trial ordered on the first cause of action, and, as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.