■ HARBER PHILADELPHIA CENTER CITY OFFICE LIMITED et al., Appellants, v TOKAI BANK, Defendant, and ERIC EICHLER et al., Respondents. [721 NYS2d 519] —Judgment, Supreme Court, New York County (Helen Freedman, J.), entered February 24, 2000, which, after a nonjury trial, awarded defendants-respondents recovery on their counterclaim against plaintiffs in the amount of $148,197, plus post-judgment interest, unanimously affirmed, without costs.

Supreme Court properly awarded judgment in favor of defendant limited partnership (the Partnership), its general partner (LCCO), and three of LCCO's constituent general partners, on their counterclaim against plaintiff limited partner of the Partnership (Harber) and Harber's own two constituent

general partners, on the counterclaim to enforce Harber's election under the Partnership Agreement to assume a limited obligation to restore a deficit in its capital account upon dissolution. The trial court correctly construed the Partnership Agreement's provision increasing the general partner's capital account by "the amount of Partnership liabilities for which the General Partner is personally liable following dissolution and winding up of the Partnership," in light of relevant Federal tax law (26 USC § 704 [a], [b]; § 752 [a]; 26 CFR 1.704-1 [b] [2] [iv] [c]; 1.752-1 [a] [1]; 1.752-2 [i]), to attribute to LCCO the assumption by LCCO's general partners of a Partnership liability, thus resulting in LCCO having a positive capital account balance upon dissolution and thereby triggering Harber's deficit restoration obligation. We construe the clause immediately following the one above-quoted ("except to the extent such liabilities are not then legally enforceable against the General Partner") to refer to claims discharged in bankruptcy or barred by the Statute of Limitations, so as to give both clauses effect (*see, Bijan Designer For Men v Firemen's Fund Ins. Co.*, 264 AD2d 48, 53). Finally, Harber's argument that it was improper for the trial court to look to the tax laws, or to receive expert testimony thereon, in order to construe the tax practitioner's terms of art used in the Partnership Agreement, is without merit, since the Partnership Agreement was plainly drafted with an eye to tax consequences (*see, Fox Film Corp. v Springer*, 273 NY 434, 436-437; *Rose Stone & Concrete v County of Broome*, 76 AD2d 998, 999; *HNC Realty Co. v Bay View Towers Apts.*, 64 AD2d 417, 425). Concur—Nardelli, J. P., Williams, Tom, Lerner and Friedman, JJ.