E. FRANK COE, Appellant, *v.* WILLIAM TOUGH, Respondent.

116  273
118  584

The defendant proposed to sell, and plaintiff's agent offered to purchase, property to an amount exceeding $50 on account of a debt due from the former to plaintiff. A memorandum was drawn, headed "E. Frank Coe, bought of William Tough," followed by a list of property with prices added, but was not subscribed by T. at the end thereof. No part .of the property was delivered At the same time defendant wrote a note to plaintiff stating, "In order to liquidate and secure you in the payment of your accounts as now due, I will propose to do as follows : Bill of sale of goods inclosed $1,520  *  *  * Wm. Tough." This was put in an envelope with the memorandum and delivered to the agent. ` Subsequently defendant refused to deliver the goods. In an action of replevin brought to recover the same, *held*, that the memorandum was void under the statute of frauds (2 R. S. 136, § 3); that while the two papers sufficiently referred to the same transaction to permit them to be construed together, the latter was not effectual to give the former the effect of a bill of sale subscribed by the defendant, and a subsequent acceptance of defendant's proposition did not create a valid contract of sale between the parties.

*Burrell* v. *Root* (40 N. Y. 496); *Justice* v. *Lang* (42 id. 493; 52 id. 323), *Mason* v. *Decker* (72 id. 595) distinguished.

(Argued June 26, 1889; decided October 8, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made June 30, 1886, which affirmed a judgment in favor of the defendant, entered upon a verdict.

This action was replevin, brought to recover the possession of personal property, to which the plaintiff claims to have taken title, by purchase from the defendant, by virtue of the following written memoranda, to wit :

"HUDSON, N. Y., *Feb.* 18th, 1885.

"MR. E. FRANK COE BOUGHT OF WILLIAM TOUGH.

| | | |
|---|---:|---:|
| 22 Thomas horse rakes, $21 | $462 | 00 |
| 2 Thomas hay tedders, $40 | 80 | 00 |
| 12 Tiger horse rakes, $21 | 252 | 00 |
| 1 Rowell leather-top phæton | 75 | 00 |

| | | |
|---|---:|---:|
| 1 Babcock leather-top phæton | $120 | 00 |
| 1 2-seat standing top Eng. spring wagon | 90 | 00 |
| 2 Columbus leather top, side-bar buggies, $117.50, | 235 | 00 |
| 1 Brockway, end-spring, leather-top buggy | 85 | 00 |
| 1 Brockway, side-spring, open buggy | 49 | 00 |
| 1 Waterloo end-spring, rubber-top buggy | 72 | 00 |
| | $1,520 | 00 |
| 10 tons E. Frank Coe's phosphate, $28 | 280 | 00 |
| | $1,800 | 00 |

"The above goods are in my ware-rooms No. 22 Columbia street, Varick Street, at store-room of Hudson Agricultural Society, and are well insured."

"Hudson, N. Y., *Feb.* 18, 1885.

"E. Frank Coe:

"Dear Sir.— In order to liquidate and secure you in the payment of your account as now due, I will propose to do as follows:

| | | |
|---|---:|---:|
| Bill of sale of goods inclosed | $1,520 | 00 |
| 10 tons E. Frank Coe's phosphate | 280 | 00 |
| Cash or customer's note in a few days | 500 | 00 |
| Customers' notes or cash | 220 | 00 |
| | $2,500 | 00 |
| Balance your account to date | 1,975 | 00 |

"Yours truly,

"WM. TOUGH."

It appears that defendant was indebted to the plaintiff $2,000; that on February 18, 1885, the collecting agent of the latter went to the defendant's place to collect the debt or obtain security for its payment; that the defendant proposed to sell to the plaintiff, and the agent offered to purchase, property on account of the debt, thereupon the defendant drew the first-mentioned paper and handed it to the agent, who then suggested that the defendant also give him a note

to the plaintiff, stating what had transpired between them. The defendant wrote and subscribed the other paper, which was put in the envelope in which the other had been placed. The defendant on this occasion paid to the agent $25 to apply on the debt, thus reducing it to $1,975. The agent, having advised the plaintiff what he had done, returned to the defendant's place on the twenty-first of February, taking with him a draft chattel mortgage, which the plaintiff had caused to be drawn, and informed the defendant that if he preferred he might execute it. But the defendant declined to do that, and thereupon the agent requested a delivery of the property, to which the defendant assented and promised to furnish a room on the premises in which it might be placed and gave him the key to it. The agent said that was satisfactory. The defendant said he would not have time to do it that time. It was then understood that the agent would come again on Monday, the twenty-fourth, when the goods would be separated and received by him. For reasons of which the defendant was advised, on Monday, the agent did not go there, but did the next day, when the defendant refused to deliver the property. The property was taken upon the requisition in this action and delivered by the sheriff to the plaintiff. The trial court directed a verdict for the defendant.

*Henry D. Hotchkiss* for appellant. There was a sufficient "note or memorandum" of the contract to satisfy the require-ments of the statute of frauds. (*Peck* v. *Vandemark*, 99 N. Y. 29; *Peabody* v. *Speyers*, 56 id. 230; *Gomez* v. *Kamping*, 4 Daly, 77; *Argus Co.* v. *Mayor, etc.*, 55 N. Y. 495; *Tall-man* v. *Franklin*, 14 id. 584; *Justice* v. *Lang*, 52 id. 323; *Trevoe* v. *Wood*, 36 id. 307; *Raubitschek* v. *Blank*, 80 id. 478; *Hagan* v. *D. S. M. Co.*, 9 Hun, 73.) It is not necessary for the vendee to sign the "note or memorandum." Signing by the vendor is sufficient. (*Justice* v. *Lang*, 42 N. Y. 493; *Steele* v. *Taft*, 22 Hun, 453.) If there was a valid sale, then title passed without delivery. *McNamara* v. *Edmister*, 11 Hun, 597; *Olyphant* v. *Baker*, 5 Denio, 379; *Schoonmaker*

v. *Vervalen*, 9 Hun, 138 ; *Terry* v. *Wheeler*, 25 N. Y. 520–525 ; *Hayden* v. *Demets*, 53 id. 426–431 ; *Kimberley* v. *Patchin*, 19 id. 330 ; *Russell* v. *Carrington*, 42 id. 118.) The learned court erred in holding that the case showed merely an unaccepted proposal to sell. (Beaumont on Bills of Sale, 1 ; *Gomez* v. *Kamping*, 4 Daly, 77 ; *Bonesteel* v. *Flack*, 11 Barb. 435 ; *Terry* v. *Wheeler*, 25 N. Y. 523.) There was abundant evidence of acceptance to go to the jury. (*Justice* v. *Lang*, 42 N. Y. 493 ; 52 id. 323 ; *Steele* v. *Taft*, 22 Hun, 453 ; *De-Ridder* v. *McKnight*, 13 Johns. 294 ; *Mason* v. *Decker* 72 N. Y. 595.)

*R. E. Andrews* and *L. F. Longley* for respondents. The action was not maintainable, for the reason that the plaintiff failed to show title to the goods replevied. (*James* v. *Patten*, 2 Seld. 9 ; Benj. on Sales, §§ 78, 308, 311 ; 1 Parsons on Cont. [7th ed.] 527 ; 2 id. [6th ed.] 519 ; *Joyce* v. *Adams*, 4 Seld. 286 ; *Stone* v. *Browning*, 68 N. Y. 604 ; *Bailey* v. *Ogden*, 3 Johns. 319 ; *Parkhurst* v. *Van Cort'and*, 1 Johns. Ch. 273, 280 ; *Wright* v. *Weeks*, 25 N. Y. 159, 160, 161 ; *Stocker* v. *Partridge*, 2 Robt. 193 ; *P. M. Co.* v. *Hoffman*, 3 Daly, 527 ; *Drake* v. *Seaman*, 27 Hun, 63.) Assuming the unsigned memorandum and the letter to constitute one instrument, then it was a mere proposal, and was not accepted. (*Trevor* v. *Wood*, 36 N. Y. 307.) As a verbal agreement of sale, the price being more than $50, it was void by the statute of frauds. (*Shindler* v. *Houston*, 1 N. Y. 261 ; *Marsh* v. *Rouse*, 44 id. 463 ; *Cook* v. *Millard*, 65 id. 367 ; *Brabins* v. *Hyde*, 32 id. 523.) The judgment cannot be reversed, for the reason that the case as settled does not show that it contains all the evidence. (Baylies on New Trials and App. 144, 145.)

BRADLEY, J. The first question presented is whether there was a valid contract made for the sale of the property by the defendant to plaintiff, and if so, the further question will arise, whether it was an executed one, so as to pass the title to the plaintiff, or was executory merely. As no part of the

property was delivered to or received by the plaintiff, and none of the purchase-money paid, as required by the statute of frauds, the sale was void unless a note or memorandum of the contract was made in writing and subscribed by the defendant. (2 R. S. 136, § 3.) The form of the memorandum, as drawn, was "E. Frank Coe bought of William Tough," followed by a list of the articles of property in question with prices added. This paper was not, at the end of it, subscribed by the defendant, so that standing alone, whatever view may be taken of its terms, it was not effectual as a contract of sale. (*James* v. *Patten*, 6 N. Y. 9.) But it is contended that the note or letter written on the same occasion by the defendant, subscribed by him, and addressed to the plaintiff, may be taken in connection with the first-mentioned memorandum, and the signature to the one treated as subscribed to both, each constituting part of the same instrument. To permit this to be done, so as to relieve it from the operation of the statute, the two papers must have been so physically united, or such reference made by one of them to the other, that they may be construed together as one instrument without the aid of oral evidence. (*Baptist Church* v. *Bigelow*, 16 Wend. 28; *Wright* v. *Weeks*, 25 N. Y. 153; *Drake* v. *Seaman*, 97 id. 230; 27 Hun, 63; *Stone* v. *Browning*, 68 N. Y. 598.). The two papers by their date purport to have been made at the same time, they are in the handwriting of the defendant, relate to the same subject, and the reference to the paper designated as a bill of sale in the one, embraces in figures certain amounts corresponding with those in the other. They sufficiently referred to the same transaction to permit them to be construed together, and to be given such effect as they were entitled to. (*Tallman* v. *Franklin*, 14 N. Y. 584; *Peabody* v. *Speyers*, 56 id. 230; *Peck* v. *Vandemark*, 99 id. 29.) ·The more difficult question arises upon the consideration of the construction and effect, which may be given to those papers. It has been held that a memorandum in the form of that here designated as a bill of sale, with payment receipted, did not constitute a contract of sale so as to exclude parol evidence of

warranty, but was a mere receipt. (*Filkins* v. *Whyland*, 24 N. Y. 338.)

While, presumptively, at least, a receipted bill in that form will not have the character of a contract of sale, the effect when no receipt is added may be otherwise. Then it may be such a contract, or the written evidence of it, within the intention of the parties, and entitled to such effect. (*Terry* v. *Wheeler*, 25 N. Y. 520; *Bonesteel* v. *Flack*, 41 Barb. 435.)

That paper, standing alone, not being subscribed by the defendant, had no validity, and in connection with the other it must be treated as referred to for the purpose indicated by the terms of the latter, by which the defendant says that "In order to liquidate and secure you (plaintiff) in the payment of your account as now due, I will propose to do as follows: Bill of sale inclosed $1,520." And then adds another item of property with two items of cash or notes to make up the amount of $2,520. And after stating the balance of the plaintiff's account at $1,975, subscribes his name. In aid of the construction of the instrument, reference may be had to the extrinsic circumstances attending the transaction between the defendant and the plaintiff's agent. The latter called upon the defendant to obtain payment, or security for its payment, of the debt due his principal from the defendant. The interview resulted in an offer of the defendant to sell, and of the agent to purchase, some personal property on account of the debt; and for the purpose of doing so the bill of sale, so-called, was drawn by the defendant, and handed to the agent unsigned.

The note or letter addressed to the plaintiff was written upon the suggestion of the agent that the defendant put on paper a statement, to be taken to the plaintiff, of what had transpired between them. The amount of the prices designated for the articles of property, with that of the proposed cash or notes, was purposely made to exceed the debt, with a view to enable the plaintiff to realize from it the full amount of his account against the defendant. It is not important whether the purpose of the contemplated sale was to pay or

secure the payment of the debt. The apparent design, as indicated by the oral evidence, of the transaction, was a sale and purchase, and that the so-called bill of sale was drawn, delivered and received for that purpose. That was not accomplished by it. It is, however, contended that the paper afterwards written, addressed to the plaintiff, and signed by the defendant, was effectual to give to the former the effect of a bill of sale subscribed by the defendant; and that it was not embraced within the executory character of the proposition expressed in the other, but that only the payment or delivery of the cash or notes there mentioned was dependent upon the future action of the defendant. The intention of parties to a written instrument must be derived from it, although its construction may be aided by the light of extrinsic circumstances. When this alleged bill of sale was handed to the plaintiff's agent, it was ineffectual for any purpose, whatever may have been the design of the parties. It does not appear that the other paper was then in contemplation, and its effect must be ascertained from its terms as they may be construed. In its relation to the former it may be assumed that reference was made to the articles of property there mentioned. But it is difficult to distinguish the application of the offer or proposition of the defendant to any one, from any other, portion of the means mentioned for the payment or security of the debt. It was to "liquidate and secure" it as stated. The defendant proposed to do what he had not already done in that respect. He had neither transferred any of the personal property or notes, and had made no contract to that effect. They altogether came within the purpose expressed, and his proposition or promise to accomplish it was in form executory. If the paper called a bill of sale had been independently valid, a different view may have been taken upon construction of the writings. It would, therefore, seem that the support of the plaintiff's claim of title, requires the conclusion that the offer or promise of the defendant to sell to him the property, was or became effectual for that purpose. It is a rule, as relates to personal property, that when by a valid agreement one party unconditionally agrees

to sell to another who agrees to purchase, and nothing remains to be done to complete the sale, the contract will be treated as an executed one, and title will pass although no delivery or payment is made. (*Olyphant* v. *Baker*, 5 Denio, 379; *Terry* v. *Wheeler*, 25 N. Y. 520.) In the present case the proposition or promise of the defendant to sell the property was, by its terms and import, made with a view to the subsequent acceptance by the plaintiff. There cannot, therefore, be said to have been any concurrent undertaking on the part of the latter to purchase.

This proposition, when made, seems to have had no consideration for its support. It was a mere offer of a debtor to sell goods to his creditor in payment or security of the debt due the latter, founded upon no new consideration, but resting solely in the purpose, so manifested of the debtor, to pay the debt or secure its payment in that manner.

The conclusion would seem, for that reason, to follow, that a subsequent acceptance would not be effectual to create a valid contract of sale between the parties. (*Cooke* v. *Oxley*, 3 Durn. & E. 653; *Burnet* v. *Bisco*, 4 Johns. 235; *Utica & Schenectady R. R. Co.* v. *Brinckerhoff*, 21 Wend. 139; *Chicago & G. E. R. Co.* v. *Dane*, 43 N. Y. 240; *Macedon & B. P. R. Co.* v. *Snediker*, 18 Barb. 317.) In that respect this case differs from those determined in *Burrell* v. *Root* (40 N. Y. 496); *Justice* v. *Lang* (42 id. 493; 52 id. 323); *Mason* v *Decker* (72 id. 595). In those cases the offers and promises of the defendants had the support of consideration, arising out of mutuality of agreement or produced in some other manner.

If these views are correct, there was no valid contract made by the defendant for the sale of the property in question to the plaintiff, to support his claim of title.

The judgment should be affirmed.

All concur, except Parker, J., not sitting.

Judgment affirmed.