BLUM et al. v. BLUM.

(Supreme Court, Appellate Term. November 10, 1904.)

1. STATUTE OF FRAUDS—SALES—SUFFICIENCY OF MEMORANDUM.

    An order reading: "Copy of order placed by A., successor to B., for account of C. To be delivered Jany., Feby., March, 1903. Terms 7—10 April 1st for Jany. del'y, other deliveries 7—10x60 days. * * * Subject to delays by strikes, fires or floods. All prices are based upon gold or its equivalent, and subject to any alteration in the tariff of the United States of classification between the time the order is taken and the goods are delivered"—followed by the description and price of the goods ordered, and specifying the manner in which they were to be packed, and signed by A., is a sufficient note or memorandum of a contract of sale to satisfy the statute of frauds.

Appeal from City Court of New York, Trial Term.

Action by Jacob Blum and another against Joseph A. Blum. From a judgment for plaintiffs, and from an order denying a new trial, defendant appeals. Affirmed.

The following is the opinion upon denial of defendant's motion for a new trial. (Seabury, J.):

The plaintiff seeks in this action to recover damages from the defendant for the nonperformance of an alleged contract evidenced by the following writing, which is signed by the defendant:

"Order No. ......                                    New York, Oct. 8th, 1902.

"Copy of order placed by J. A. Blum, successor to Kahn & Kahn, .
"For account of Mess. Blum & Adelsdorfer, City.
"To be delivered Jany., Feby., March, 1903.
"Terms 7—10 April 1st for Jany. del'y, other deliveries 7—10x60 days.
"Samples.................................
"Subject to delays by strikes, fires or floods.
"All prices are based upon gold or its equivalent, and subject to any alteration in the tariff of the United States of classification between the time the order is taken and the goods are delivered.

| Pieces. | Length. | Article. | Quality. | Width. | Price. |
|---------|---------|----------|----------|--------|--------|
| 1000 | abt. 30 yds. | 50 dent marabout 10 pc. | | box 16 in. | $.06¾ |
| 500 | " " | 80 " chiffon | | 14 in. | $.09¼ |
| 1000 | " " | " " | | 16 in. | $.10½ |
| 1000 | " " | " " | | 18 in. | $.11½ |

"Goods put up 5 pcs. in a box.
"Special cartons and labels.
"Asst. to be given as soon as possible.                    J. A. Blum.
"All corrections in this copy of order must be made within ten days of the receipt thereof."

The defendant has pleaded that the alleged contract is within the statute of frauds, and contends that the above instrument is not such a note or memorandum as satisfies the requirements of the statute. The statute upon which the defendant relies to sustain his contention that the plaintiff cannot maintain the action declares that "every contract for the sale of any goods, chattels or things in action for the price of $50 or more shall be void unless * * * a note or memorandum of such contract be made in writing and be subscribed by the parties to be charged thereby." The question presented for determination is whether the writing set forth above is such a "note or memorandum" as complies with the terms of the statute. No case similar to this has been cited upon the briefs of counsel, nor have I been able to discover any case in any jurisdiction which is exactly in point. The judicial decisions construing this provision of the statute have, however, clearly indicated the essential requisites of a note or memorandum which complies with the terms of the statute. The requirements of the statute are fully satisfied by a "note or memorandum" of the contract, and a detailed statement of all its particulars is not necessary. Nor is it necessary that the writing be intended as a formal contract, or that it should have been written for the purpose of serving as a note or memorandum. It is necessary that the writing should, with a reasonable degree of certainty, indicate clearly that such a contract was made. Thus Mr. Browne, in his work on the Statute of Frauds, says: "Upon this the general rule is that it must contain the essential terms of the contract, expressed with such a degree of certainty that it may be understood without recourse to parol evidence to show the intention of the parties." Browne's Statute of Frauds, p. 461. The essential elements of a contract are competent parties to contract, subject-matter, consideration, assent of the contracting parties, and clear words to express the agreement.

The only question in this case arises in reference to whether the instrument under consideration expresses in clear words the agreement to sell the goods. Clearly, all the other requisites of a contract are fully and sufficiently set forth. The plaintiff's contention is that the clear meaning of this instrument

is that the defendant agrees to deliver to the plaintiff the goods therein referred to upon the terms and conditions specified. The writing seems to me to be clear evidence of the existence of such an agreement on the part of the defendant. By its terms it is stated to be a "copy of order placed by" the defendant "for the account of" the plaintiff. It specifies the date of delivery, the number of pieces of goods to be delivered, and the length, trade-name, quality, width, and price of the articles, and provides the manner in which they are to be delivered. Such a writing may not constitute a contract or agreement, but it seems to me clear that it is a sufficient note or memorandum of such a contract or agreement. If the writing were a complete contract, all the terms of which were fully set forth, the action would have been upon the written contract, and no question as to the statute of frauds would have arisen. It is because the contract or agreement is not written that the necessity for a note or memorandum thereof arises, in order to permit the plaintiff to maintain his action upon the oral· agreement, which is evidenced by a writing. "The memorandum of an agreement sufficient to satisfy the statute of frauds," declares the American & English Encyclopædia of Law (vol. 8, p. 710), "must not be confounded with a writing which constitutes an agreement of itself. The real agreement is never written when a memorandum is necessary." I think that the instrument under consideration is a note or memorandum of an agreement by the defendant to deliver to the plaintiff the goods referred to upon the terms specified. Such is the fair and reasonable interpretation of the writing. In construing the language of commercial instruments it must be borne in mind that such instruments are often hurriedly drawn by those who are unacquainted with the exact requirements and phraseology of statutory enactments. Judicial construction of such instruments is to be made with due regard to this fact, rather than with a view of applying narrow and technical rules. Any other rule of construction would defeat the true intent of the parties.

The defendant, however, attempts to show that the writing under consideration is susceptible of another construction. He contends that it means that he placed an order for the account of the plaintiff with a foreign manufacturer for certain goods to be delivered at certain times. This construction seems to me to be very strained, and to do violence to the clear meaning of the words used. Especially is this construction inconsistent with the unsuccessful attempt by the defendant to perform the very contract which the plaintiff asserts was made. The learned counsel for the defendant cites the cases of Drake v. Seaman, 97 N. Y. 230, and Brigg v. Hilton, 99 N. Y. 526, 3 N. E. 51, 52 Am. Rep. 63, as sustaining his view that the writing is insufficient to comply with the statute. An examination of these cases makes it clear that no support for his contention can be derived from them. In the case of Drake v. Seaman, supra, the writing then under consideration was very vague and indefinite. It did not state what the money referred to was to be paid for, or that it was to be paid absolutely, and the instrument was clearly susceptible of several different constructions from that which the plaintiff sought to place upon it. That case, therefore, manifestly furnishes no guide in construing the instrument before us. The case of Brigg v. Hilton, supra, is even more clearly inapplicable to the question under consideration. That was an action to recover the price of goods, and the defendant put in evidence a receipt of an order for goods, stating the time of delivery and price, and attempted to prove a parol warranty as to the quality of the goods. This the appellate court held the defendant had the right to do. No question was before the court as to whether or not the receipt or memorandum was sufficient to take the case out of the operation of the statute of frauds. The statute of frauds was in no way involved or considered. The court simply held that the receipt or memorandum was not a contract which would estop the defendant from proving a parol warranty as to quality. No special form of memorandum is necessary to comply with the statute. Any writing, properly executed,. which evidences the agreement, is sufficient, no matter how crude its character may be. Thus a bill of parcels (Batturs v. Sellers, 5 Har. & J. 118, 9 Am. Dec. 492), a receipt (Raubitschek v. Blank, 80 N. Y. 481; Cosack v. Descoudres, 1 McCord, 425, 10 Am. Dec. 681; Fulton v. Robinson, 55 Tex. 404; Coles v. Trecothick, 9 Ves. Jr. 234), and an account stated (Barry v.

Coombe, 1 Pet. 640, 7 L. Ed. 295) have been held sufficient to comply with the statute. In Sarl v. Bourdillon, C. B. N. S. 194, the defendant wrote a description of articles in a book belonging to the plaintiffs, who were tradesmen, which had the words "Order Book" printed on the outside and the plaintiffs' name, "Sarl & Son," on the fly-leaf. At the end of the description the defendant wrote his name and address. The court held that the requirements of the statute had been satisfied, and the plaintiffs were permitted to maintain their action.

The general principles referred to, and the authorities cited, all seem to me to sustain the right of the plaintiff to recover. The motion to set aside the verdict of the jury in favor of the plaintiff is denied, with $10 costs.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Rose & Putzel, for appellant.
Goldsmith & Rosenthal, for respondents.

PER CURIAM. That plaintiffs' Exhibit A, upon which the action was brought, is a note or a memorandum of a contract of sale sufficient to satisfy the statute of frauds, has been so fully demonstrated by the learned trial judge in the opinion delivered by him upon his denial of defendant's motion for a new trial that further discussion on that point is unnecessary. Moreover, the practical construction placed upon said exhibit by the parties was that it evidenced a contract of sale. The issues requiring submission to the jury were properly submitted, and the record discloses no possible error.

The judgment and order should be affirmed, with costs.