### MYERS v. HARRIS et al.

(Supreme Court, Appellate Term. May 16, 1907.)

FRAUDS, STATUTE OF—SALES OF CHATTELS—MEMORANDUM—SUFFICIENCY.

Where, after certain negotiations, the seller sent to the buyer the written order for goods described for prices specified, to be delivered at a time fixed, and the buyer by letter, signed by him, stated that, in reference to confirmation of the order, part thereof should be canceled, the order and reply satisfied the statute of frauds.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Jesse Myers against Isaac Harris and another, copartners doing business under the name of the Triangle Waist Company. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Jacob Rieger, for appellants.

Underwood, Van Vorst & Hoyt (Ralph G. Miller, of counsel), for respondent.

SEABURY, J. This action is brought to recover damages for the breach of a contract under which the defendants purchased goods of the plaintiff's assignor. The answer of the defendants denied the allegations of the complaint as to the damages which the plaintiff claims to have sustained on account of the alleged breach by the defendants, and pleaded that there was no memorandum for writing sufficient to satisfy the requirements of the statute of frauds. After a conversation with the defendant, the plaintiff's assignor mailed to the defendant an order, of which the following is a copy:

24.                                                    December 14th, 1905.

The Triangle Waist Company, 729 Broadway, N. Y.

Deliver March 1st to 10th, 7% 10 days:

| 72,823 | 1,000 yds. | Panel Nett, | per yard | 1.15 |
| 72,578/502 | 2,000 yds. | Panel Nett, | per yard | .50 |

This order was received by the defendant, who sent the plaintiff's assignor the following letter:

"Mr. Max Abrist, New York City—Dear Sir: In reference to confirmation of order No. 24, please cancel lot number 72,578/502, 2,000 yds., at $0.50, as the delivery of this merchandise will be too late for us to accept same.

"Yours very truly,                        Triangle Waist Company."

The plaintiff claims that by this letter the defendant confirmed the first part of the order, to wit, the order for 1,000 yards of No. 72,823, at $1.15 per yard, and contends that the mailing of the order No. 24, and its confirmation by this letter of December 15, 1905, constitutes a sufficient note or memorandum of a contract to satisfy the statute of frauds. The trial justice awarded judgment for the plaintiff, and from that judgment the defendants appeal to this court.

The question presented by this appeal for consideration is whether the order of December 14th and the letter of December 15th satisfy the requirements of the statute of frauds. It is well settled that two or more papers that are properly connected may constitute a sufficient memorandum of a contract to meet the requirements of the statute of frauds. 20 Cyc. p. 278; 2 P. of Con. § 688. A consideration of these two papers, the order and the letter of December 15th, shows that there was a confirmation of the order for 1,000 yards of No. 72,823 at $1.15 per yard. This is evident from the language of the letter of December 15th, where the defendant says: "In reference to confirmation of order No. 24, please cancel,", etc. The meaning is clear that all of the order was confirmed except that part of it which was specifically canceled. Considering these papers together, it is evident that they expressed all the terms of a contract. The parties were named, the subject-matter specified, and the consideration and agreement were expressed. Blum v. Blum (Sup.) 90 N. Y. Supp. 445; Levin v. Dietz, 106 App. Div. 208, 94 N. Y. Supp. 419; Brewer v. Horst-Lachmund Co., 60 Pac. 418, 127 Cal. 643, 50 L. R. A. 240.

Judgment affirmed, with costs. All concur.