(55 Misc. Rep. 280).

J. SPENCER TURNER CO. v. ROBINSON et al.

(Supreme Court, Appellate Term. June 27, 1907.)

FRAUDS, STATUTE OF—CONTRACT FOR SALE OF GOODS—MEMORANDUM—SUFFI-
    CIENCY.

There was a sufficient "note or memorandum" of a contract of sale to
charge the buyers under the statute of frauds, where they wrote: "We
have examined the corduroys thoroughly, and find we cannot possibly use
them. Those goods were sold to us as firsts." "We do not mean to cancel
our order on" them, etc. "If you have perfect goods on hand to deliver
to us, we are ready to accept same at prices sold"—though the letters were
written after the sale and in terms repudiate the buyers' liability for an
alleged breach of warranty.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Frauds, Statute of,
§ 209.]

Appeal from Municipal Court, Borough of Manhattan, First Dis-
trict.

Action by the J. Spencer Turner Company against Louis Robinson
and David H. Greenberg. From a judgment for plaintiff, defendants
appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and
PLATZEK, JJ.

Weed, Henry & Meyers (Charles Meyers and Jacob Manne, of
counsel), for appellants.

Pratt & Koehler (Jerome H. Koehler, of counsel), for respondent.

SEABURY, J. This is an appeal from a judgment in favor of the
plaintiff for $467.59. The action was brought to recover the price
of certain corduroys claimed to have been sold and delivered by the
plaintiff to defendants. The answer pleaded a general denial, the stat-
ute of frauds, and a breach of warranty, in that the goods delivered
failed to comply with the samples upon the faith of which the order
for the corduroys was alleged to have been given.

Under the general denial the defendants attempted to prove that
there was no sale, and that the goods were delivered merely for in-
spection. We think the evidence presented was conclusive against
this contention. So far as the alleged breach of warranty is concerned,
the learned trial justice having found on conflicting testimony that
the goods were in accord with the sample shown at the time of the
sale, that question is not now before us for determination. The evi-
dence offered upon the trial was sufficient upon this point to sustain
the finding of the trial court.

The only question now open for our determination is whether the
sale made falls within the condemnation of the statute of frauds. The
plaintiff claims that the correspondence between the parties and the
letters written by the defendants after the goods were sent are suf-
ficient to meet the requirements of the statute. In order to determine
this question it is necessary to set out in full the somewhat voluminous
correspondence between the parties:

New York, June 18, 1906.

J. Spencer Turner Company, City—Dear Sirs: We find that the corduroys
sent us are seconds and not like sample shown. We therefore kindly ask you

to send for same as we are unable to use them. Herewith enclosed please find your bill for the above and credit our account with the amount.

Yours respectfully,                                          L. Robinson & Co.
                                                             R.

Copy of bill returned is as follows:

New York, June 15, 1906.

L. Robinson, 79 Walker St., City, Bought of J. Spencer Turner Co. Terms 10/30.  Interest at 6% per annum charged if not paid at maturity.

| | | | |
|---|---|---|---|
| 1 Case F. T. Drab Corduroys | | | |
| # 92        –        927 Yds. | | .21¾ | 201.62 |
| 6 Pcs. F. Brown Corduroys | | | |
| 1989 | 81⁷/₈ | | |
| 1993 | 81⁵/₈ | | |
| 1949 | 82¹/₈ | | |
| 1812 | 79³/₈ | | |
| 2076 | 82³/₈ | | |
| 1927 | 81⁵/₈ | | |
| 489 Yds. | | .23¾ | 116.14 |
| 6 Pcs. F. Black Corduroys | | | |
| 3224 | 74²/₈ | | |
| 3269 | 82 | | |
| 3291 | 79⁵/₈ | | |
| 3171 | 78 | | |
| 2854 | 82⁷/₈ | | |
| 3057 | 82⁷/₈ | | |
| 479⁵/₈ Yds. | | .24 | 115.11 |
| | | | 432.87 |

New York, June 19, 1906.

Mess. L. Robinson & Co., 79 Walker St., City—Gentlemen: We have your favor of June 18th, and have instructed our Mr. Smith to look over the corduroys sent you, as we cannot understand why the goods should be seconds. We return herewith the invoice you sent, and await his report.

Yours truly,                                          J. Spencer Turner Co.
H. E. H./S. R. F.                                          H. E. H.

Since writing above we have our Mr. Smith's report. He says goods are all right and as sold.

New York, June 19, 1906.

J. Spencer Turner Company, City—Dear Sirs: We note contents of your letter of the 19th, and beg to state that we have examined the corduroys thoroughly and find that we cannot possibly use them. Those goods were sold to us as firsts, and the numerous imperfections we find in same we would class as worse than seconds. We informed your Mr. Smith to that effect this morning, and that under no circumstances will we keep those goods, as they are not like sample shown. We herewith return your invoice and kindly ask you to credit our account with amount of same.

Yours respectfully,                                          L. Robinson & Co.
                                                             R.

New York, June 21st, 1906.

Messrs. L. Robinson & Co., New York City—Dear Sirs: We have your favor of the 19th inst. and have carefully noted what you write. As you know, our Mr. Smith examined the goods in your store, and he reports that they are fully up to sample shown you and that he could not find any cause for complaint. We are therefore returning invoice.

Yours very truly,                                          J. Spencer Turner Co.
A. W. S.  V. S.                                          H. E. H.

New York, June 22, 1906.

J. Spencer Turner Company, City—Dear Sirs: We note the contents of your letter of the 21st, and in reply beg to say that we are not inclined to pass goods upon Mr. Smith's opinion, as we have opinions of our own. We examined those goods carefully, and found some unmerchantable, and shall positively not keep them. Furthermore, if those two cases are not removed from our premises by Monday next, the 25th, we shall put same in storage at your expense. We herewith return your invoice.

Yours respectfully,                               L. Robinson & Co.
Enc.                                                        R.

New York, June 25, 1906.

Messrs. L. Robinson & Co., No. 79 Walker Street, N. Y. City—Dear Sirs: Your esteemed favor of the 22d inst. has received our very careful attention. In reply would say that, after very careful consideration and examination of the cases, we cannot agree to accept your cancellation. Our Mr. Smith reports that the two pieces of Corduroys which he examined under your direction were absolutely first class in every particular, and are merchantable first quality goods. Further than this, before being shipped to you, these goods were examined both by the finishing works and by our own superintendent, and the reports we have show them to be first quality. We are perfectly willing to be fair in the matter, and, if you can show that the goods are seconds or unmerchantable, we will accept your cancellation. We are willing to have the matter adjudicated by the arbitration of some disinterested corduroy man, but we will not accept your cancellation on any other terms. So far as the disposition of the goods is concerned, would say that you must use your own best judgment regarding this. We have delivered the goods to you in good condition, and we will hold you responsible for them. When the bill becomes due, we will proceed to collect the amount owed to us. We are herewith returning you the invoice in question.

Yours very truly, .                              J. Spencer Turner Co.,
                                                  H. H. Lehman, Treasurer.

New York, June 28, 1906.

J. Spencer Turner Company, City—Dear Sirs: We note contents of your favor of the 25th, and in reply we do not mean to cancel our order on those corduroys placed with you, as we bought the goods in good faith and can use quite an additional quantity of same, providing you can deliver us perfect goods as represented. But those two cases delivered to us are, as stated before, very imperfect and cannot be cut into garments without having most of them come out damaged. We therefore consider those goods unmerchantable and entire useless to us. We are returning to you those two cases to-day, amount of which you will please place to our credit, and, if you will be kind enough to take the trouble to examine those goods thoroughly, you will find that we are justified in refusing to accept same. You may suit yourselves in placing the responsibility in reference to payment of this bill. We pay for goods that are delivered as represented, passed by us, and accepted, and for nothing else.

Yours respectfully,          .                   L. Robinson & Co.
                                                            R.

New York, June 29, 1906.

Messrs. L. Robinson & Co., New York City—Dear Sirs: Your esteemed favor of the 28th inst. received, and we have carefully noticed what you say in regard to the two cases of corduroys, deliveries to you by us. In reply would say that we understand that these goods were brought here by a truckman and we refused to accept delivery of them. We have no desire whatsoever to force you to take goods which are not satisfactory to you; but, before allowing you to return them to us, we must have proven to our satisfaction that the goods are not up to the sample sent you at the time of the sale. When Mr. Smith was up to see you, he was not given the opportunity to examine the goods, as you showed him only two pieces, and would not allow him to go over any more of the goods. These two pieces Mr. Smith reports to us were of first-class quality, and, if the remainder of the two cases were not satisfactory,

you should have shown him exactly on what you based your complaint. If you wish him to go over the goods again, we shall be very pleased to have him call on you, and await your further advice.

Yours very truly,                                    J. Spencer Turner Co.,
                                                     H. H. Lehman, Treasurer.

New York, July 2, 1906.

J. Spencer Turner Company, City—Dear Sirs: Replying to your favor of the 29th, we returned the goods to you, and this gives you ample opportunity to examine same. We do not propose to go to any further trouble with those two cases of corduroys; but, if you have perfect goods on hand to deliver to us, we are ready to accept same at price sold.

Yours respectfully,                                     L. Robinson & Co.
                                                                      R.

The statute of frauds does not declare an oral contract for the sale of goods to be invalid, but requires merely that, to be valid, there must be a "note or memorandum" of said contract. As a result of repeated adjudications it is now settled that the written evidence required by the statute need not be comprised in a single statement, but that letters, telegrams, bills, receipts, or other forms of writings which sufficiently evidence the contract of the parties are sufficient. 1 Greenleaf on Evidence, §, 268; Brown on Statute of Frauds, §' 345a and 6; Wilson v. Lewiston Mill Co., 150 N. Y. 318, 44 N. E. 959, 55 Am. St. Rep. 680; Hagedorn v. Lang, 34 App. Div. 117, 122, 54 N. Y. Supp. 602; Blum v. Blum (Sup.) 90 N. Y. Supp. 445. Thus in Wigmore on Evidence, § 2454, the author, after drawing a distinction between those statutory provisions which require the contract to be put in writing and those which require a "note or memorandum in writing" of the "agreement," and pointing out that in the first class the writing required is constitutive, while in the latter it is merely evidential, says, in reference to the provisions of the statute of frauds requiring a "note or memorandum" of the agreement:

"In other words, the writing is not the contract, but is distinct from it and is merely the parties admission that such a contract was made. The difference is plain, and is generally conceded, and shows its practical results in various ways. For example, the written admission may be made subsequently to the contract; it may even in terms attempt to repudiate the contract; it may be in a letter to a third person."

In Browne on the Statute of Frauds, § 354a, it is said that:

"It therefore always has been held that letters addressed to a third party, stating and affirming a contract, may be used against the writer as a memorandum of it, and for the same reason an oral contract may be taken out of the statute by letters which admit the making of the contract by the writer, but in terms repudiate his liability."

Reading the letters of the defendants in the correspondence set forth above in the light of the authorities, it is clear that they constitute a sufficient "note or memorandum" of the contract between the parties to meet the requirements of the statute. The fact that these letters of the defendants were written subsequent to the sale, and that in terms they repudiate the defendants' liability, make them none the less conclusive as evidence of the sale that was made. In the letter of June 19th the defendants say:

"We note contents of your letter of the 19th, and beg to state that we have examined the corduroys thoroughly and find that we cannot possibly use them. Those goods were sold to us as firsts," etc.

In the letter of June 28th the defendants say:

"We note contents of your favor of the 15th, and in reply we do not mean to cancel our order on those corduroys placed with you, as we bought those goods in good faith, and can use quite an additional quantity of same, provided," etc.

And again in the letter of July 2d, which was the last the defendants wrote to the plaintiff, they say:

"If you have perfect goods on hand to deliver to us, we are ready to accept same at prices sold."

It is impossible to read these letters without coming to the conclusion that the sale was made, that its terms were agreed upon, and that the only point in dispute between the parties related to the quality of the goods. All of the essential terms of a contract were evidenced by these letters, and by the bill or invoice to which the letters refer, which was sent back and forth between the parties during their correspondence several times. The letters of the defendants show that the sale was made upon the terms set out in the bill or invoice, and the latter contains a memorandum of all the terms of a valid contract. Thus in the bill or invoice the parties are named, the subject-matter and time of delivery are specified, and the consideration is expressed. Nothing was omitted which was requisite to comply with the terms of the statute. Myers v. Harris (Sup.) 104 N. Y. Supp. 514; Blum v. Blum (Sup.) 90 N. Y. Supp. 445.

The case of Wilson v. Lewiston Mill Co., 150 N. Y. 314, 44 N. E. 959, 55 Am. St. Rep. 680 upon which the appellants rely, does not support their contention. In that case it was held that the facts there disclosed did not constitute one who was a salesman of the plaintiff an agent of the defendant, so as to make his letters to the plaintiffs transmitting the defendant's bid such a memorandum as was required by the statutes of frauds of the state of Maine. The letter of the defendants under consideration in that case neither recognized nor admitted the making of the contract to which it alluded, and the facts of that case were such as to clearly distinguish it from the facts of the case now before us. The opinion of the court in Wilson v. Lewiston Mills Co., supra, so far as it discusses the nature of the written evidence requisite to satisfy the statute of frauds, is strong and convincing authority for the view above expressed.

Judgment affirmed, with costs. All concur.