### GELB v. WALLER et al.

(Supreme Court, Appellate Term. March 5, 1909.)

1. EVIDENCE (§ 411\*)—PAROL EVIDENCE—WRITING INCOMPLETE ON ITS FACE.

Where the writing does not purport to cover the entire contract, or its language, in connection with the attendant facts, shows that it was not intended as the written agreement, but merely as the details of an unex-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pressed contract, or where it purports to be the agreement of one of the parties only, parol evidence is admissible to show the entire contract.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1874–1899; Dec. Dig. § 411.*]

2. SALES ·(§ 120*)—WARRANTIES—BREACH—RIGHTS OF BUYER.

The buyer cannot, upon breach of warranty, rescind the sale and return the goods.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 294; Dec. Dig. § 120.*]

3. SALES (§ 128*)—ACTIONS—SUFFICIENCY OF EVIDENCE—RESCISSION.

The buyer having attempted to rescind the sale and return the horse a few days after title passed, that a month thereafter he left the horse at the seller's stable, but not showing with whom it was left or upon what terms, was insufficient to show a rescission of the sale by right or by agreement of the parties.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 318, 320, 321; Dec. Dig. § 128.*]

4. SALES (§ 442*)—WARRANTIES—ACTION FOR BREACH—RELIEF.

Upon breach of warranty of a horse, the buyer could not return the horse and recover the full price paid in an action for damages for breach of warranty.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 442.*]

Dayton, J., dissenting

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Samuel Gelb against Louis Waller and others. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Isidor Cohn, for appellants.

Max Steinert, for respondent.

MacLEAN, J. The plaintiff claimed damages for breach of warranty, and the defendants answered general denial, demanding particulars. The pleadings were oral. The particulars furnished in substance recited a purchase of one black horse by the plaintiff from the defendants with a warranty of soundness for the sum of $140, the unsoundness of the horse, and a demand for the return and refusal of the sum so paid. In the court below judgment was erroneously rendered in favor of the plaintiff for the full sum paid by him for the horse. Whether there was a warranty as claimed, collateral to the sale transaction herein, was a question of fact, to be determined from the evidence presented, and the plaintiff was not precluded from offering evidence to prove it, even by the insertion in the bill of sale of the expression "as he is," no matter when inserted, because it has been held that a writing in form as said writing herein, even though designated as a bill of sale, with payment receipted, did not constitute a contract of sale, so as to exclude parol evidence of warranty. Filkins v. Whyland, 24 N. Y. 338, cited with approval in Coe v. Tough, 116 N. Y. 273, 277, 278, 22 N. E. 550. This does not offend the generally

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

recognized rule of law, but "where the writing does not purport to disclose the contract, or cover it; where, in view of its language, read in connection with the attendant facts, it seems not designed as a written statement of an agreement, but merely as an execution of some part or detail of an unexpressed contract; where it purports only to state one side of an agreement merely, and is the act of one of the parties only, in the performance of his promise—in these and the like cases the exception may properly apply, and the oral agreement be shown." Eighmie v. Taylor, 98 N.·Y. 288–297.

Assuming, then, the warranty proven as claimed, the plaintiff, to whom had passed the title to the horse in question, had no right to return the horse and recover the price, at least not in an action for damages for breach of warranty. While it is a disputed question in American law whether a buyer who has bought with a warranty may return his purchase and rescind the sale upon warranty broken, according to the English law (Street v. Blay, 2 B. & Ad. 456) and according to New York law (Brigg v. Hilton, 99 N. Y. 517, 3 N. E. 51, 52 Am. Rep. 63, cited with approval in Fairbank Canning Co. v. Metzger, 118 N. Y. 260, 269, 23 N. E. 372, 16 Am. St. Rep. 753) he may not. Attempting, a few days after the sale transaction had been completed, and after title had passed, to return the horse to the defendants, and meeting with repulse, he proved no rescission by right or by agreement of parties by testifying by one of his witnesses that a month later he left it at the stables of the defendants, but to whom or upon what terms does not appear. He may have proved a warranty and a breach, giving the most favorable consideration to his cause and the evidence; but upon what conceivable theory he recovered the full price paid for the horse in this his action to recover damages for the breach of a warranty is not disclosed by the record nor by the brief of his counsel. The case must therefore be sent back for a new trial.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, P. J., concurs.

DAYTON, J. (dissenting). The testimony that the horse was unsound and unable to work is uncontradicted. Plaintiff did not read or write the English language. His testimony that he stated the purpose for which he wanted the horse is not disputed. He testified that defendants warranted the horse. Defendants insist that the words "as he is" were in the bill rendered at the time of the purchase, when $15 was paid on account and denied the guarantee. Plaintiff claims that those words were interpolated at or after the subsequent payment of $70. There was a final payment of $55. No receipt for the $15 was given. Therefore the bill was not then made out. Plaintiff endeavored on two occasions to return the horse, and finally succeeded. The offer of the defendants to furnish plaintiff with another horse at an increased price tends to corroborate plaintiff. The trial judge cannot be said on this record to have decided against the weight of evidence.

The judgment should be affirmed, with costs.