### WAXELBAUM v. SCHLOSS et al.

(Supreme Court, Appellate Division, First Department. April 8, 1909.)

1. FRAUDS, STATUTE OF (§ 81*)—CONTRACTS FOR SALE.

A contract for a sale of goods for more than $50 is void under the statute of frauds (Personal Property Law [Laws 1897, p. 510, c. 417] § 21), where there was no partial delivery, nor payment on the price, and the memorandum of sale was not signed by the sellers.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 140; Dec. Dig. § 81.*]

2. FRAUDS, STATUTE OF (§ 118*)—SUFFICIENCY OF WRITING.

An agreement within the statute of frauds may be embodied in different related papers signed by him to be charged, but the whole contract must be collectible from the writings; and hence a letter by a seller of goods, requesting the buyer to call "in reference to the goods you selected," is insufficient to sustain the contract.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 262; Dec. Dig. § 118.*]

3. FRAUDS, STATUTE OF (§ 84*)—SALES—MEMORANDA—SUFFICIENCY.

A writing stating that plaintiff requested defendants to make and consign to them certain goods, for which they agreed to pay in current funds, and reciting that all orders given to defendants' representatives were subject to acceptance by the firm, was not even an account of goods sold, as affecting its validity within the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Dec. Dig. § 84.*]

4. SALES (§ 23*)—ORDERS FOR GOODS—ACCEPTANCE.

A letter requesting plaintiff to call on defendants respecting goods selected by plaintiff was not an acceptance of an order for the goods.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 39–43; Dec. Dig. § 23.*]

5. SALES (§ 23*)—ORDERS FOR GOODS—ACCEPTANCE.

Where the blank on which plaintiff ordered goods of defendants bore printed notice across its face that the order was subject to acceptance by the firm, plaintiff was bound to take notice thereof, and, defendants having refused to accept, the proposed purchase was terminated.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 39–43; Dec. Dig. § 23.*]

Appeal from Trial Term, New York County.

Action by Joseph Waxelbaum against Nathan Schloss and others. From a judgment for plaintiff, and from an order refusing a new trial, defendants appeal. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and LAUGHLIN, CLARKE, McLAUGHLIN, and HOUGHTON, JJ.

Daniel W. Blumenthal, for appellants.
S. Marshall Kronheimer, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HOUGHTON, J. The action is for damages for failing to deliver goods alleged to have been purchased by the plaintiff's assignor from the defendants. A firm of jobbers, known as the Waxelbaum Company, through its representative, selected from defendants' stock of goods at their salesrooms in New York City some 800 suits of clothing, and verbally agreed to purchase them at prices aggregating about $3,300. The defendants made a list of the goods by lot numbers and quantities on a blank form used by them. This blank form was headed "Schloss Bros. & Co. of Baltimore and New York," and, in substance, was as follows: "Waxelbaum Co., of Macon, Ga., request that you make and consign" to them "the garments enumerated below," which "they agree to pay for in Baltimore in current funds." Then follows a list of the suits and sizes, with a statement that the price of each suit is $5. Across the face of this paper appeared the words, "All orders given to representatives or members of the firm are subject to acceptance by the Executive Dept. at Baltimore," at which place defendants' factory was located. This paper was not signed by sellers, these defendants; but a duplicate of it was delivered to the proposed purchaser. The order was submitted to the executive department of the defendants at Baltimore, and their New York representative was instructed not to fill the order unless the "Schloss & Co." labels were removed from the garments. The Waxelbaum Company refused to accede to this condition, and demanded delivery of the goods with the label on, and on refusel assigned their claim for damages to the plaintiff, who brought action thereon.

The defendants by their answer pleaded the statute of frauds, as well as denied that any bargain of sale was made, pleading that the order was conditional upon acceptance by the Baltimore office, which had not been given. The price of the goods claimed to have been purchased was more than $50, and there was no part delivery; nor was any portion of the purchase price paid. Even if the contract of sale was absolute, and not conditional upon acceptance by the Baltimore office, it was void under the statute of frauds, now embodied in section 21 of the personal property law (Laws 1897, p. 510, c. 417), because it was not subscribed by the defendants. The plaintiff claims that the following letter, written and signed by the defendants a day or two after the delivery of a copy of the unsigned order, satisfies the statute and constitutes a sufficient signing. The letter is as follows:

"Messrs. Waxelbaum & Co.—Gentlemen: Please call at our New York office on receipt of this letter in reference to the goods you selected."

The agreement required by the statute of frauds may be embodied in different papers having relation to each other, signed by the party to be charged (Peck v. Vandemark, 99 N. Y. 30, 1 N. E. 41); but the whole contract must be collected from the writings (Wilson v. Lewiston Mill Co., 150 N. Y. 314, 44 N. E. 959, 55 Am. St. Rep. 680). The signed letter, taken in connection with the unsigned order, falls very far short of making a complete agreement to sell. The unsigned order is not even an account of goods sold. It is simply a statement that the Waxelbaum Company request consignment to them of the enumerated goods at the specified price. There is nothing in the sign-

ed letter tending to show that the defendants confirmed the sale, or the order, or that they acceded to the request to consign, or that they bound themselves to ship or deliver. The letter is simply a request to call in reference to the goods which had been talked about, the kinds and quantity of which a memorandum had been made. In no sense was the letter effectual to give the order the effect of an absolute agreement to sell the goods enumerated. In Coe v. Tough, 116 N. Y. 273, 22 N. E. 550, the signed letter accompanied the unsigned list of property described as having been bought, and it was held that the requirements of the statute were not complied with.

Besides, the plaintiff's assignor was given notice upon the face of the order, by printing in different ink, that it was subject to acceptance by the home office of the defendants at Baltimore. This was a part of whatever contract there was, and could not be ignored. The executive department of defendant refused to sanction the sale, and that was the end of the proposed purchase. The learned trial court was in error in refusing to grant the motion to dismiss the complaint.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.