ROARING SPRING BLANK BOOK CO. v. LESSER.

(Supreme Court, Appellate Term.    March 8, 1912.)

1. FRAUDS, STATUTE OF (§§ 85, 129*)—SALES—VALUE OF GOODS—PART PAY-
MENT.

The statute of frauds is not available in an action for the price of
goods sold, where the value of the goods is less than $50, or where a
part payment has been made.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 141,
287–292; Dec. Dig. §§ 85, 129.*]

2. FRAUDS, STATUTE OF (§ 118*)—SALE OF GOODS—"MEMORANDUM."

Defendant gave plaintiff an order for goods amounting to $329.60, No-
vember 25, 1910, having previously given two other orders, and also one
of later date.    There was no sufficient memorandum to satisfy the stat-
ute of frauds, because not signed by defendant.    On January 11, 1911,
defendant by letter requested plaintiff not to ship any goods before
March 10, 1911, or some time later, and on receiving a bill, dated March
27, 1911, again wrote requesting plaintiff not to ship any goods for the
present stating that the amount called for by the bill was more than
he had ordered or would want and requested shipment of one-half of the
amount with the September dating; otherwise, he could not accept the
goods.    Held, that such letters, not being physically attached to the
memorandum, could not be used in connection therewith to make out a
sufficient "memorandum" of the sale within the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 262–
265; Dec. Dig. § 118.*

For other definitions, see Words and Phrases, vol. 5, pp. 4472, 4473;
vol. 8, p. 7720.]

Appeal from Municipal Court, Borough of Manhattan, First Dis-
trict.

Action by the Roaring Spring Blank Book Company against Harry
Lesser.    From a Municipal Court judgment in favor of plaintiff, de-
fendant appeals.    Reversed, and new trial ordered.

Argued January term, 1912, before SEABURY, GERARD, and
HOTCHKISS, JJ.

Rounds, Hatch, Dillingham & Debevoise (Eugene Congleton, of
counsel), for appellant.

Raymond Malone, for respondent.

HOTCHKISS, J.    The complaint, which was oral, was for goods
sold and delivered.    The defendant pleaded a general denial, also
the statute of frauds, which raises the only point involved on this ap-
peal.    The trial court apparently adopted the version of the transaction
given by the plaintiff's witness Hastie, and on the whole case I think
his testimony was more credible than that of the defendant, who
alone testified on his own behalf.

The material facts are as follows:    Hastie was the plaintiff's agent
in New York City, and on various occasions called on the defendant
to sell him stationery.    Four orders were at different times given by
the defendant; these orders being written out by Hastie upon the
customary sales slips prepared by the plaintiff for the purpose.    The
orders in each instance embodied items dictated by the defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The first order was dated September 15, 1910, and was for goods to the value of $209.62; the second, dated September 27, 1910, for $73.58; the third, dated November 25, 1910, for $329.60, and the fourth, dated December 3, 1910, for $42.

[1] No question under the statute of frauds can be raised as to the fourth order, which is less than $50, nor as to the first and second, since on the first the defendant paid the full amount, except $13, and on the second all but $40.32. The unpaid balance on the first two orders, together with the amount of the third and fourth orders, make up the sum of $425.06, claimed in this action. If, however, the statute of frauds is available by the defendant as to the third order, amounting to $329.60, the judgment must be reversed, because no recovery can be had as to the remaining $95.46, since no tender was made, except of goods to the entire amount of $425.06.

[2] The four orders already referred to are obviously insufficient to satisfy the requirements of the statute, for they are not signed by the defendant. This is conceded, but plaintiff contends that two letters subsequently written by the defendant (appellant) adopt the written memoranda, or rather adopt the memorandum of the order of November 25, 1910. The first letter was written to the plaintiff by defendant January 7, 1911, and is as follows:

"Roaring Spring B. B. Co.—Gentlemen: Please do not ship any goods in before March 1, 1911, or some time later.
"Respectfully,                                          H. Lesser."

Thereafter plaintiff sent defendant a bill, dated March 27, 1911, setting forth the items claimed in this suit, the total of which is $425.06. On receipt of this bill the defendant wrote as follows:

"Roaring Spring B. B. Co.—Gentlemen: Please don't ship any goods for the present, and also this order, what your bill calls [for], is more than I have ordered, and would want that you ship ½ the amt. with Sept. dating. Otherwise I can't accept them.
"Respectfully,                                          H. Lesser."

The theory of the respondent is that there was an incorporation of the written order of November 25, 1910, into the letters subscribed by the defendant, because of a reference to the former in the latter. The rule in such cases was stated by Allen, J., in Wright v. Weeks, 25 N. Y. 153, 160, 161:

"The parties cannot unite two papers, so as to make them unitedly constitute a valid contract, unless they are physically joined, or the intention to unite them appears on the face of the papers. If the connection between the two papers depends upon verbal testimony, * * * the whole evil intended to be remedied by the statute will be experienced."

See, also, Newberry v. Wall, 65 N. Y. 484; Coe v. Tough, 116 N. Y. 273, 22 N. E. 550; Waxelbaum v. Schloss, 131 App. Div. 826, 116 N. Y. Supp. 42.

There is nothing in defendant's letter, asking the plaintiff not to ship any more goods, from which it is clear that he referred to the goods ordered November 25, 1910. It is as reasonable to assume that the request not to ship goods referred to the other three orders only, and excluded the order of November 25, 1910. Likewise the statement

in defendant's second letter, that "this order that your bill calls [for] is more than I have ordered," cannot be said to unequivocally refer to the order of November 25, 1910. The only way by which identity can be established between the order of November 25, 1910, and the order that the defendant referred to as too large, is by verbal testimony. Thus the plaintiff's case must rest partly on parol proof, in direct contravention of the statute.

It is not claimed on behalf of the plaintiff that the bill of March 27, 1911, for $425.06, can be coupled with the defendant's letter of March 28, 1911, so as to satisfy the statute. Nor do I think that such a claim could be sustained, if made, because identification of the bill referred to in the letter is likewise dependent upon oral evidence. Furthermore, I think the fact that the defendant, by his letter, expressly repudiated the bill in question, precludes a holding that the two papers together make out a memorandum by which the defendant can be charged. If he is held upon these facts, it would be solely because of parol testimony that the order had in fact been given, and this the writing denies. The theory suggested in Turner Company v. Robinson, 55 Misc. Rep. 280, 105 N. Y. Supp. 98, that the party may be charged by a writing in which he attempts to repudiate the contract is limited to cases where another memorandum, in itself sufficient as evidence of the contract, is produced, and the attempted repudiation of liability is in the face of an express recognition of the contract contained in such memorandum.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

GERARD, J., concurs.    SEABURY, J., concurs in result.