The Roaring Spring Blank Book Company, Respondent,
*v.* Harry·Lesser, Appellant.

(Supreme Court, Appellate Term, March, 1912.)

Statute of Frauds — Pleading, evidence and trial — Pleading statute
as a defense — Sufficiency of evidence.

The Statute of Frauds is no defense in an action to recover less
than fifty dollars for goods sold and delivered.

Where defendant on November 25, 1910, gave plaintiff an un-
signed order for goods amounting to $329.60, and on January 1,
1911, wrote him not to ship any goods before March first follow-
ing, or sometime later, and on the receipt of a bill dated March
27, 1911, wrote plaintiff not to ship any goods for the present,
that the amount called for by the bill was more than he had or-
dered or would want and to ship one-half of the amount with the
September dating, otherwise he would not accept them; and, in
an action to recover for the goods delivered under said order, it
appears there were two orders of previous and one of later
date and that any connection between the letters and the order
sued on must be supplied by parol evidence, they did not consti-
tute a " memorandum " of the sale sufficient to satisfy the Statute
of Frauds.

·Appeal by defendant from a judgment of the Municipal
Court of the city of New York, borough of Manhattan, first
district, rendered in favor of the plaintiff.

Rounds, Hatch, Dillingham & Debevoise (Eugene Congle-
ton, of counsel),· for appellant.

Raymond Malone, for respondent. ·

Hotchkiss, J.   The complaint, which was oral, was for
goods sold and delivered.   The defendant pleaded a general
denial, also the Statute of Frauds, which raises the only point
involved on this appeal.   The trial court apparently adopted
the version of the transaction given by the plaintiff's witness
Hastie, and, on the whole case, I think his testimony was

more credible than that of the defendant, who alone testified on his own behalf.

The material facts are as follows: Hastie was the plaintiff's agent in New York city, and on various occasions called on the defendant to sell him stationery. Four orders were at different times given by the defendant, these orders being written out by Hastie upon the customary sales slips prepared by the plaintiff for the purpose; the orders in each instance embodied items dictated by the defendant. The first order was dated September 15, 1910, and was for goods to the value of $209.62; the second dated September 27, 1910, for $73.58; the third dated November 25, 1910, for $329.60, and the fourth dated December 3, 1910, for $42. No question under the Statute of Frauds can be raised as to the fourth order which is less than $50 nor as to the first and second, since on the first the defendant paid the full amount except $13, and on the second all but $40.32. The unpaid balance on the first two orders, together with the amount of the third and fourth orders, makes up the sum of $425.06 claimed in this action. If, however, the Statute of Frauds is available by the defendant as to the third order, amounting to $329.60, the judgment must be reversed because no recovery can be had as to the remaining $95.46, since no tender was made except of goods to the entire amount of $425.06.

The four orders already referred to are obviously insufficient to satisfy the requirements of the statute, for they are not signed by the defendant. This is conceded, but plaintiff contends that two letters subsequently written by the defendant (appellant) adopt the written memorandum, or rather adopt the memorandum of the order of November 25, 1910. The first letter was written to the plaintiff by defendant January 7, 1911, and is as follows:

" Roaring Spring B. B. Co.

" Gentlemen.— Please do not ship any goods in before March 1, 1911, or some time later.

" Respectfully,

" H. Lesser."

Thereafter, plaintiff sent defendant a bill dated March 27, 1911, setting forth the items claimed in this suit, the total of which is $425.06. On receipt of this bill, the defendant wrote as follows:

" Roaring Spring B. B. Co.

" Gentlemen.— Please don't ship any goods for the present and also this order what your bill calls (for) is more than I have ordered and would want that you ship ½ the amt. with Sept. dating.

" Otherwise I can't accept them.

" Respectfully,<br>" H. Lesser."

The theory of the respondent is that there was an incorporation of the written order of November 25, 1910, into the letters subscribed by the defendant, because of a reference to the former in the latter. The rule in such cases was stated by Allen, J., in Wright v. Weeks, 25 N. Y. 153, 160, 161: " The parties cannot unite two papers so as to make them unitedly constitute a valid contract unless they are physically joined, or the intention to unite them appears on the face of the papers. If the connection between the two papers depends upon verbal testimony — the whole evil intended to be remedied by the statute will be experienced." See also Newbery v. Wall, 65 N. Y. 484; Coe v. Tough, 116 id. 273; Waxelbaum v. Schloss, 131 App. Div. 826.

There is nothing in defendant's letter asking the plaintiff not to ship any more goods, from which it is clear that he referred to the goods ordered November 25, 1910. It is as reasonable to assume that the request not to ship goods referred to the other three orders only, and excluded the order of November 25, 1910. Likewise, the statement in defendant's second letter that " this order that your bill calls (for) is more than I have ordered " cannot be said to unequivocally refer to the order of November 25, 1910. The only way by which identity can be established between the order of November 25, 1910, and the order that the defendant referred to as too large, is by verbal testimony. Thus, the

Supreme Court, Appellate Term, March, 1912.    [Vol. 75.

plaintiff's case must rest partly on parol proof, in direct contravention of the statute.

It is not claimed on behalf of the plaintiff that the bill of March 27, 1911, for $425.06 can be coupled with the defendant's letter of March 28, 1911, so as to satisfy the statute. Nor do I think that such a claim could be sustained if made, because identification of the bill referred to in the letter is likewise dependent upon oral evidence. Furthermore, I think the fact that the defendant, by his letter, expressly repudiated the bill in question, precludes a holding that the two papers together make out a memorandum by which the defendant can be charged. If he is held upon these facts, it would be solely because of parol testimony that the order had in fact been given, and this the writing denies. The theory suggested in J. Spencer Turner Co. v. Robinson, 55 Misc. Rep. 280, that the party may be charged by a writing in which he attempts to repudiate the contract is limited to cases where another memorandum, in itself sufficient as evidence of the contract, is produced, and the attempted repudiation of liability is, in the face of an express recognition of the contract, contained in such memorandum.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

GERARD, J., concurs; SEABURY, J., concurs in result.

Judgment reversed and new trial ordered, with costs to appellant to abide event.