INVINCIBLE PARLOR FRAME Co., INC., Plaintiff, *v.* ELEGANT LEATHER GOODS, INC., Defendant.

Supreme Court, Trial Term, New York County, May 29, 1946.

*Joseph B. Franklin* for plaintiff.

*Samuel J. Siegel* for defendant.

HOFSTADTER, J. This is an action to recover damages for breach of two contracts alleged to have been entered into on November 19, 1943, and November 29, 1943, respectively. Both contracts are alleged to have been written out by a representative of the plaintiff on a printed order blank of the defendant; neither was signed by the defendant, or by anyone acting on its behalf. With respect to both agreements, the defendant interposes the defense that they are unenforcible by reason of the provisions of the Statute of Frauds, requiring that a note or memorandum with respect to agreements of this character be in writing and be signed by the party to be charged therewith.

Insofar as the contract of November 19th is concerned, this defense is not available inasmuch as the evidence establishes that there was part performance. The plaintiff is entitled, therefore, to recover damages for its breach. But the calculation of the damages on the basis of the record before me involves difficulties because of the defendant's claim, which I think is substantiated in the evidence, that the plaintiff substituted different style numbers for those originally ordered, with the approval of the defendant. Plaintiff claims damages of $761.17; but that amount is not proven in the record. The confusion with regard to style number 161 and the variance between the bill of particulars and the claims of the plaintiff at the trial require the disallowance for failure of proof of the item of $300, claimed with respect to that style. Damages on this cause of action in favor of the plaintiff are assessed in the sum of $461.17.

As to the second cause of action, where no part performance is alleged or proven, there is no writing subscribed by the defendant sufficient to take the case out of the operation of the Statute of Frauds. There are cases in which the printed letterhead or order blank of the defendant has been held to be sufficient to take a case out of the statute (see *Cohen* v. *Arthur Walker & Co.*, 192 N. Y. S. 228); but in those cases, the proof showed that the body of the contract had been in the handwriting of the defendant or one of its representatives, or the existence of the contract was otherwise established by circumstantial evidence (*Lezinsky Co., Inc.*, v. *Hoffman*, 111 Misc. 415).

An effort is made by the plaintiff to take the case out of the statute by referring to a letter (plaintiff's Exhibit 7) which the defendant sent to the plaintiff on February 4, 1944, signed by the defendant corporation. This letter simply stated: " Please cancel our orders for woolen frames until further notice ". The difficulty with that memorandum is that it does

not contain sufficient material with which to identify the contract. The statute provides that the note or memorandum required to be in writing shall be " of the contract ", and it has been held that a mere cancellation which does not identify the contract cancelled or its terms is not sufficient to take the case out ,of the Statute of Frauds (*Roaring Spring Blank Book Co.* v. *Lesser,* 75 Misc. 617; *Wiarda & Co.* v. *Independent C. Co.,* 162 N. Y. S. 158). But independent of this rule, I find on the credible evidence that as a fact the letter did not refer to the alleged contract of November 29th. The second cause of action is dismissed.

Judgment for the plaintiff in the sum of $461.17, with appropriate interest.